STATE OF OREGON, *Respondent,*

*v.*

AUSTIN LOUIS SMITH, *Appellant.*

(No. 6214-C, CA 5649)

552 P2d 261

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

## LANGTRY, J.

On November 25, 1974 defendant was a prisoner in the Jefferson County Jail. He is a member of the Confederated Tribes of the Warm Springs Reservation, which is located in Jefferson and Wasco Counties on the westerly side of the Deschutes River. Defendant had a dental appointment at a clinic on the reservation, and a county deputy sheriff took him there, in custody and handcuffed, to keep the appointment. Defendant broke from the clinic waiting room and fled, escaping the deputy's custody of him. He was not immediately recaptured, but was returned to the Jefferson County jurisdiction and jail from Lompoc Federal Prison in California in October 1975. He was charged with escape in the second degree (ORS 162.155) and convicted.

In this appeal therefrom he contends that inasmuch as the escape occurred on the reservation over which the state has no jurisdiction he cannot be subject to the state charge; hence, it was error not to dismiss the indictment, and further error to submit the charge to the jury. The state contends that defendant is considered confined in the county jail from the time of original commitment until lawfully discharged; hence, although he was not physically therein when he escaped he was constructively therein, and his escape was an "unlawful departure" "from a correctional facility," as the crime is defined in ORS 162.135 and 162.155(1)(c).[1]

---

[1] "As used in ORS 162.135 to 162.205, unless the context requires otherwise:

"* * * * *

"(2) 'Correctional facility' means any place used for the confinement of persons charged with or convicted of a crime or otherwise confined under a court order. 'Correctional facility' does not include a juvenile training school, and applies to a state hospital only as to persons detained therein charged with or convicted of a crime, or detained therein after acquittal of a crime by reason of mental disease or defect under ORS 161.295 to 161.380.

The state's argument is correct (*see* R. Perkins, Criminal Law 432 (1957) definition of "escape" in *State v. Fitzgerald,* 16 Or App 376, 379, 518 P2d 678, Sup Ct *review denied* (1974)) unless the existence of federal jurisdiction excludes that of the state under the circumstances of this case. Jurisdiction is conferred by 18 USC § 1162 (1970) on the state over offenses committed by or against Indians in Indian country in all of Oregon "except the Warm Springs Reservation." *See Anderson v. Britton,* 212 Or 1, 11, 318 P2d 291 (1957), *cert denied* 356 US 962 (1958). The exception of the Warm Springs Reservation was made because the Warm Springs Tribes requested it. *Anderson v. Gladden,* 293 F2d 463, 466, n 7 (9th Cir), *cert denied* 368 US 949 (1961). The latter case also holds that when federal control is relinquished it is a state question whether state courts gain jurisdiction over such offenses.

We have been cited, and have found, no case which passes upon such a unique question as that here presented.

In F. Cohen, Handbook of Indian Law (1945) jurisdictional questions generally like that before us are discussed. He states:

"* * * [S]tate jurisdiction in any matters affecting Indians can be upheld only if one of two conditions is met: either [1] that Congress has expressly delegated

---

"(3) 'Custody' means the imposition of actual or constructive restraint by a peace officer pursuant to an arrest or court order, but does not include detention in a correctional facility, juvenile training school or a state hospital.

"(4) 'Escape' means the unlawful departure, including failure to return to custody after temporary leave granted for a specific purpose or limited period, of a person from custody or a correctional facility but does not include failure to comply with provisions of a conditional release in ORS 135.245.

"* * * * *." ORS 162.135.

"(1) A person commits the crime of escape in the second degree if:
"* * * * *

"(c) He escapes from a correctional facility." ORS 162.155(1)(c).

back to the state, or recognized in the state, some power of government respecting Indians; or [2] *that a question involving Indians involves non-Indians to a degree which calls into play the jurisdiction of a state government * * *.*" (Emphasis supplied.) F. Cohen, supra at 117.

In analyzing the subject of state power, Cohen says three elements are to be considered: "situs, person and subject matter." He continues:

"In proceeding to analyze this latter exception [2 above] to the generel [sic] rule, we may note that in point of constitutional doctrine, the sovereignty of a state over its own territory is plenary and therefore the fact that Indians are involved in a situation, directly or indirectly, does not *ipso facto* terminate state power. [This was also noted in Anderson v. Britton, cited in text.] State power is terminated only if the matter is one that falls within the constitutional scope of exclusive federal authority.

"* * * There exists * * * twilight zone in which one or two of the three elements noted—situs, person and subject matter—point to federal power and the remainder to state power * * *." (Footnotes omitted.) F. Cohen, supra at 119.

In the case at bar, the situs was the Warm Springs Indian Reservation, the persons were an Indian and a non-Indian state officer who legally had the Indian in custody, and the subject matter was state oriented, that is, it was escape from lawful state custody.

Cohen analyzes several situations not helpful to the question at bar, and finally summarizes in two emphasized propositions:

"(1) *In matters involving only Indians on an Indian reservation, the state has no jurisdiction in the absence of specific legislation by Congress.*

"(2) *In all other cases, the state has jurisdiction unless there is involved a subject matter of special federal concern.*" F. Cohen, supra at 121.

We adopt the above analysis by Cohen and have applied it to the facts of the case at bar in our interpolations between the quotations.

[ 53 ]

Prevention of state prosecution of an Indian for unlawful escape from state custody does not appear to be a matter of "special federal concern." If it were, the federal statute which has conferred jurisdiction on the state over all crimes on the other reservations located in the state surely would not have been enacted. As *Anderson v. Gladden, supra,* 293 F2d at 466, n 7, indicates, the only reason the Warm Springs Reservation was not included therein was that the Warm Springs Tribes requested it—obviously not that the federal government was making a special exception based on any special policy reasoning.

Affirmed.