## STATE OF OREGON,
*Respondent,*

*v.*

## GAYLORD LAVERNE VERMAAS, JR.,
*Appellant.*

## (89 11 36302; CA A66997)

841 P2d 664

Margaret Raymond, Portland, argued the cause for appellant. With her on the briefs were Lawrence Matasar and Hoffman & Matasar, Portland.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals convictions for possession, delivery and manufacture of a controlled substance, ORS 475.992, an ORICO charge, ORS 166.720, and theft in the first degree. ORS 164.055. He contends that the court erred by not giving him certain information before sentencing, that the search warrants involved were unconstitutionally overbroad general warrants, that the indictments were vague and that the court did not make necessary findings to justify consecutive sentences. We affirm.

Law enforcement officers executed search warrants at eight locations, including defendant's residence and several rental properties that he owns. They seized considerable evidence of a marijuana growing operation. Defendant admitted to the officers that he was growing and selling marijuana and had used proceeds to buy rental properties.

■ Defendant first contends that the court erred in denying him access to the presentence reports of codefendants who had been convicted in a different trial. He argues that the court is required to disclose presentence reports under ORS 137.079(1).[1] That statute does not require disclosure to defendant of other than his own presentence report. Defendant argues that the reports are "other written information" that the court considers in the imposition of sentence and must be disclosed under the statute. The other presentence reports were not submitted to the court; the trial judge was only aware of them because he had sentenced some of the codefendants. When defendant raised the issue, the judge reviewed the codefendant's presentence reports, summarized them and said he was not considering them in sentencing defendant. The presentence reports were not required to be disclosed under ORS 137.079(1). Defendant

---

[1] ORS 137.079(1) provides:

"A copy of the presentence report and all other written information concerning the defendant that the court considers in the imposition of sentence shall be made available to the district attorney, the defendant or defendant's counsel at least five judicial days before the sentencing of the defendant. All other written information, when received by the court outside the presence of counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed."

also asserts constitutional arguments on this assignment that do not require discussion.

In his second assignment, defendant contends that the court erred by denying his motion to suppress all evidence seized under the search warrants for his residence and the rental properties. He contends that the breadth of the warrants made them unconstitutional general warrants under Article I, section 9, of the Oregon Constitution. The remedy, he argues, is to void each warrant and suppress all of the evidence.

■ If a portion of a search warrant fails to describe the items sought with sufficient particularity, that portion may be excised and the balance of the warrant upheld. *State v. Sagner*, 12 Or App 459, 506 P2d 510, *rev den* (1973). In such an instance, only items seized under the invalid portion of the warrant must be suppressed. The trial court concluded that none of the items that were seized under the part of the warrant that defendant challenged were offered in evidence. Defendant does not dispute that finding or point to any evidence that might have been seized by reason of the challenged language. Consequently, even if that part of the warrant was not sufficiently specific, its invalidity is irrelevant and moot. *State v. Massengill*, 100 Or App 369, 786 P2d 731 (1990).

■ In his third assignment, defendant contends that the trial court erred in denying his motion to dismiss Count 1 of the indictment. He argues that Count 1, which charges an ORICO violation under ORS 166.720(1), lacks the specificity required by ORS 132.550(7) and the Oregon and United States Constitutions. Count 1 alleges that defendant, along with several named individuals, had conducted an "enterprise through a pattern of racketeering activities" and "thereby" committed two or more of the alleged predicate offenses. The count then alleges 28 predicate offenses of manufacturing, delivering or possessing marijuana during specific periods and at specific locations. In 27 other counts, the indictment also alleges that defendant committed successive offenses of manufacture, delivery or possession of a controlled substance. The allegations in Counts 2 through 28 track the offenses alleged in Count 1. Defendant did not challenge any counts of the indictment other than the first.

Defendant's principal contention appears to be that, because the predicate offenses were alleged to have extended over a period of approximately three years, he is unable to tell what the unlawful enterprise might be. He depends on *State v. Kincaid*, 78 Or App 23, 714 P2d 624 (1986), for his argument.

*Kincaid* is distinguishable. There, the ORICO indictment alleged only that the defendant engaged in a "pattern of racketeering activity, to wit: thefts in the first degree." 78 Or App at 26. We held that the allegation of the predicate offenses was not specific as to time of the theft and did not describe them in any detail.

The indictment here does not suffer from the defects identified in *Kincaid*. It is specific as to the periods of time when the several offenses occurred and describes each in detail. In the light of the type of predicate offenses alleged, the indictment is as specific as the ORICO charge that we upheld in *State v. Romig*, 73 Or App 780, 700 P2d 293, *rev den* 299 Or 663 (1985). The court did not err in denying defendant's motion to dismiss.

In his final assignment, defendant argues that the trial court did not make findings required by ORS 137.123(4) when it imposed consecutive sentences. Defendant did not raise that issue below and, in fact, his counsel told the court that an appropriate sentence would be work release on Count 1 and a six-month jail sentence on a separate theft count to run consecutively. We decline to address the claim of error. *State v. Crane*, 109 Or App 217, 817 P2d 771 (1991).

Affirmed.