Argued and submitted July 24, reversed and remanded with instructions
December 4, 1996, petition for review allowed March 4, 1997 (325 Or 45)
See later issue Oregon Reports

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID WENDELL FAIR, JR.,
*Appellant.*

### (94-10-37301; CA A90430)

929 P2d 1012

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was one of 12 members of street gangs indicted, *inter alia*, for offenses under the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). ORS 166.715 *et seq.* All defendants filed 16 demurrers to the indictment. The trial court denied the demurrers and, following a stipulated facts trial of defendant, he was convicted of one count of racketeering. Under his first assignment of error, defendant makes seven arguments that the trial court erred in denying his demurrer to the charge of racketeering. Because we agree with defendant that, on one ground, the court erred in denying his demurrer, we address only that argument and reverse.

ORS 166.720(3) provides:

"It is unlawful for any person * * * associated with any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity[.]"

ORS 166.715 provides, in part:

"(2) 'Enterprise' includes any individual, sole proprietorship, partnership, corporation, business trust or other profit or nonprofit legal entity, and includes any union, association or group of individuals associated in fact although not a legal entity, and both illicit and licit enterprises and governmental and nongovernmental entities.

"* * * * *

"(4) 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents[.]

"* * * * *

"(6) 'Racketeering activity' means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit:

"(a)   Any conduct which constitutes a crime, as defined in ORS 161.515, under any of the following provisions of the Oregon Revised Statutes[.]"

The conduct underlying the pattern of racketeering activity is commonly referred to as a "predicate offense." *State v. Kincaid*, 78 Or App 23, 25, 714 P2d 624 (1986). At least two such offenses, as well as the racketeering elements defined in the statute, must be proven to convict a defendant under ORS 166.720(3). *Id.*

The indictment charged defendant with seven predicate offenses. The court dismissed two. The remaining five were all juvenile court proceedings: delivery of a controlled substance in September 1990; possession of a controlled substance in November 1990; unauthorized use of a vehicle in May 1990; and attempted murder and attempted first-degree assault, both on March 21, 1993. The attempted murder charge had been dismissed pursuant to a plea agreement. All the other offenses were juvenile adjudications.

■   Defendant's first argument is that the trial court erred in denying his demurrer on the ground that the ORICO count fails to allege the relationship of the predicate offenses. Defendant does not contend that the predicate offenses are not alleged with particularity. *See Kincaid*, 78 Or App at 30 (to withstand a demurrer, an ORICO indictment must allege the predicate offense with specificity). His challenge is, rather, to the allegation of the indictment that he

"did unlawfully and knowingly, while associated with an enterprise, to-wit: the Woodlawn Park Bloods, a street gang not a legal entity but an association in fact, participate directly or indirectly in said enterprise *through a pattern of racketeering activity* consisting of two or more incidents of racketeering activity[.]" (Emphasis supplied.)

■   Defendant acknowledges that, as a general rule, an accusatory instrument is sufficient if it tracks the statutory language of the crime charged. *State v. Smith*, 182 Or 497, 502, 188 P2d 998 (1948). He argues, however, that that rule does not apply where the crime is complex, as it is here. He reasons:

"To establish a pattern of racketeering activity, the state must prove not only that the predicates have 'a nexus' to the same enterprise, and are not isolated incidents,' but also that the predicates 'have the same or similar [1] intents, [2] results, [3] accomplices, [4] victims *or* [5] methods of commission *or* [6] otherwise are interrelated by distinguishing characteristics * * *.' ORS 166.715(4).

"Thus, the state could prove a pattern of racketeering activity by proving that defendant's predicates share one or more of *six* different things. Given '[t]he very volume' of alternative ways in which the state could prove that the predicates were part of a pattern, and given that the pattern is 'the gravamen of an ORICO charge,' it is clear that this element is so complex that charging it solely in its statutory terms will not satisfy the overarching statutory and constitutional principle that accusatory instruments apprise lay persons of what they are up against. *Kincaid*, 78 Or App at 30-31. *Accord* [*State v.*] *Cooper*, 78 Or App [237, 241-42, 715 P2d 504 (1986)]." (Emphasis defendant's.)

Defendant contends that, because the indictment here does not allege the relationship among the predicate offenses, one cannot tell whether the state intends to prove that relationship by showing "one, or all six, or on some number in between." The state responds that defendant's reasoning is not supported by legal authority. It argues that the indictment meets the criteria set forth in case law interpreting ORICO: The statutory language sufficiently apprises defendant of the offense, *see State v. Vermaas*, 116 Or App 413, 417, 841 P2d 664 (1992), *rev den* 316 Or 142 (1993) (rejecting argument that indictment that provided details of predicate offenses was insufficient to apprise defendant of "unlawful enterprise"); it alleges the predicate offenses with particularity, *State v. Romig*, 73 Or App 780, 788-89, 700 P2d 293, *rev den* 299 Or 663 (1985), and it tracks the language of the ORICO statute. *Computer Concepts, Inc. v. Brandt*, 310 Or 706, 719, 801 P2d 800 (1990).

The state is correct that, in *Computer Concepts*, the court stated that "a plaintiff whose allegations *track the express requirements* of the definition [in ORS 166.715(4)], without doing more, would sufficiently allege a pattern of racketeering activity." *Id.* at 719 (emphasis supplied). We do not conclude from that *dictum* that a general allegation

tracks the "express requirements" of ORS 166.715(4). In *Computer Concepts,* the allegation of racketeering activity was specific,[1] and the Supreme Court pointed out that there was no argument before the court that the plaintiffs failed to plead the necessary relationship. *Id.* at 721. In the court's discussion of ORS 166.715(4), it concluded that the statute "includes a description of *the element of relationship* between or among the predicate acts." *Id.* at 719 n 13 (emphasis supplied). That language indicates that the court's reference to the "express requirements" of the definition must include a description of how the predicate offenses are related.

Requiring an allegation of the element of the relationship is in accord with our holding in *Kincaid.* There, we considered whether predicate offenses had to be pled with specificity. We held that they did, finding instructive the Supreme Court's opinion in *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977). We found relevent the point that

> "an indictment in the language of the proscribing statute is not necessarily sufficient if the statutory language is not enough in itself to apprise the defendant of 'particular circumstances' that make his conduct criminal. * * * ORICO cases, or at least this ORICO case, consist of multiple episodes in an ongoing pattern, and any two of those episodes can be selected by the prosecution—and the factfinder—as the basis for convicting the defendant. It is manifest to us that the defendant has the right to be informed of all the specific episodes from which the prosecution can make its selection." 78 Or App at 29.[2]

Here, too, a general allegation of racketeering activity does not apprise defendant of the "particular circumstances" that make his conduct criminal. The offense is not committing the distinct predicate offenses; it is committing

---

[1] We noted in our opinion that the plaintiffs' allegation of the pattern of racketeering stated that the defendants' sale of securities to others was made "in the same or similar manner" as sales to the plaintiffs. *Computer Concepts, Inc. v. Brandt,* 98 Or App 618, 632, 780 P2d 249 (1989).

[2] We also found relevant the court's point that an unspecific indictment cannot be saved by the availability of discovery if the discovery is unlikely to inform the defendant of the specific criminal conduct that the state intends to prove. Defendant argues that here, also, discovery would provide him with "a poverty of riches," and the state does not contend otherwise. We agree with defendant that discovery here would not cure the unspecific indictment. *See Kincaid,* 78 Or App at 30.

those offenses as part of a pattern. *See Kincaid,* 78 Or App at 30 (the gravamen of an ORICO offense is the pattern of racketeering activity). Here, that pattern requires proof that includes up to six possible relationships that may exist between any two or more of the five predicate offenses.

The relationship is not self-evident from the predicate offenses alleged here. That is unlike the circumstances in *Vermaas,* cited by the state. There, the defendant challenged an ORICO indictment on the ground that he could not tell what the "unlawful enterprise" was because the predicate offenses extended over a three-year period. 116 Or App at 417. We rejected his contention. All of the predicate offenses were drug related—manufacture, delivery or possession of controlled substances. We held that, "[i]n the light of the type of predicate offenses alleged," as well as the details of the offenses and the periods of time when the offenses occurred, the indictment was sufficiently specific as to the enterprise. *Id.* The situation here is not analogous. Here, the alleged predicate offenses are not of the same "type"; they range from offenses as diverse as unauthorized use of a vehicle to attempted murder, over a two-year period. The relationship essential to the pattern is not apparent from the allegations of the indictment.

The state argues, however, that the indictment here is "as specific as the one cited approvingly by this court in *Romig.*" *Romig* is distinguishable. There, the defendant argued that, "because of the 'vagueness' and the scope of the [ORICO] act, we should require greater specificity in the charging instrument than we usually do." 73 Or App at 789. We rejected the defendant's specificity argument, finding it "a repetition" of his argument that the ORICO statute is vague. *Id.* Defendant's argument here particularizes why the indictment's failure to allege the relationship renders it insufficiently specific to allow him to defend against the charge. Defendant has the right to be informed of the relationship on which the state intends to rely,[3] and we agree

---

[3] As we noted in *Kincaid,* an indictment's failure to discharge the notice function may carry additional difficulties, including whether, on review, an appellate court may determine whether the facts charged are sufficient to support a conviction. 78 Or App at 31 n 2. Here, for example, defendant's conviction could rest on any two—or all—of the five predicate acts but it is not possible to tell from the

that the trial court erred in overruling his demurrer on the ground that the indictment failed to allege the relationship between the predicate offenses.

Reversed and remanded with instructions to allow demurrer.

---

indictment whether the relationship between the possible choices would all establish a pattern that would support the conviction.