On respondent's petition for reconsideration filed March 11, reconsideration allowed; opinion (152 Or App 800, 955 P2d 338 (1998)) vacated; ORICO conviction reversed and otherwise affirmed; remanded for resentencing November 4, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## TYREE DUANE HARRIS,
*Appellant.*

(94-11-37777; CA A92952)

967 P2d 909

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General and Timothy A. Sylwester, Assistant Attorney General, for motion.

No appearance *contra*.

Before Landau, Presiding Judge, Deits, Chief Judge, and Wollheim, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

The state petitions for reconsideration of our per curiam decision, 152 Or App 800, 955 P2d 338 (1998), in which we reversed and remanded the judgment of conviction in light of *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1996). In the latter case, we held that an indictment for offenses under the Oregon Racketeering Influenced and Corrupt Organizations Act (ORICO), ORS 166.715 *et seq.*, may not merely track the language of the statute, but must spell out the relationship between the various predicate offenses alleged. *Fair*, 145 Or App at 102-03. The Supreme Court reversed our opinion in *Fair*, 326 Or 485, 953 P2d 383 (1998). The state requests that we reconsider our decision in this case in light of the Supreme Court's decision and that we address the other issues raised on defendant's appeal. We allow the petition for reconsideration. On reconsideration, we vacate our opinion and reverse for the reasons that follow.

Defendant was one of several street gang members indicted for, among other things, offenses under ORICO. The indictment alleged:

> "The said defendant[,] between January 1, 1987 and November 1, 1994, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, while associated with an enterprise, to-wit: the Loc'd Out Pirus/Woodlawn Park Bloods, a street gang, not a legal entity but an association in fact, participate directly or indirectly in said enterprise through a pattern of racketeering activity consisting of two or more incidents of racketeering activity described as follows * * *."

There followed allegations of 10 predicate acts or "incidents of racketeering." Three of the predicate acts stemmed from juvenile court proceedings. The first was based on defendant's possession of a controlled substance when he was 15 years old. The matter was adjudicated in juvenile court. The second was based on defendant tampering with a witness when he was 17. That matter, too, was adjudicated in juvenile court. The third was based on defendant assaulting an individual when defendant was 17. That matter began in juvenile court, but, after plea negotiations in juvenile court, defendant agreed to be remanded to circuit court, where he

pleaded guilty. The balance of the predicate acts alleged in the indictment concern defendant's conduct as an adult.

Defendant demurred to the indictment, arguing, among other things, that the indictment failed to specify sufficiently the relationship between the predicate acts that supposedly formed the unlawful pattern of racketeering activity. Defendant also filed a "demurrer/motion to strike," arguing that the indictment unlawfully relied on juvenile conduct as predicate acts. The trial court denied the motions. The jury found that the state proved the first four predicate acts and convicted defendant on the racketeering charge. Following trial, defendant moved to have the ORICO charge dismissed, because the verdict was supported by only one predicate offense that was committed as an adult.

■ On appeal, defendant first contends that the trial court erred in denying the demurrer, because, in the absence of allegations that specified the relationship between the alleged predicate acts, the indictment did not inform him adequately of the charges against him. The indictment, however, tracks the language of the statute. In *Fair*, the Supreme Court held that an indictment is generally sufficient "to withstand a demurrer if it tracks the pertinent wording of the statute defining the crime." 326 Or at 490. More to the point, the court held that, as to an indictment worded similarly to the one at issue in this case, it is not necessary to specify the particular nexus between the predicate acts in an ORICO charge. *Id.* We reject without further discussion defendant's first assignment of error.

Defendant next contends that the trial court erred in denying the demurrer/motion to strike because it is unlawful to allege a predicate act on the basis of conduct that previously was the subject of adjudication in juvenile court. Defendant also argues that the trial court erred in failing to dismiss the ORICO conviction following the jury verdict, on the ground that it was supported by only one adult predicate act. In support of his argument, defendant relies on ORS 419A.190, which provides, in pertinent part:

> "Proceedings in adult criminal court * * * based on an act alleged in a petition or citation to have been committed by a child or allegations arising out of the same conduct are

barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing or has accepted a child's admission or answer of no contest to the allegations of the petition or citation."

According to defendant, the first three predicate acts alleged in the indictment cannot form the basis of an ORICO charge, because they are "based on an act alleged * * * to have been committed by a child" and "aris[e] out of the same conduct" that defendant committed when he was a child. Defendant further contends that the statutory bar applies because each of those charges was adjudicated in whole or in part by the juvenile court.

The state does not dispute that each of the three predicate acts meets the requirements of ORS 419A.190. The state, in fact, does not refer to the language of the statute at all. Its sole argument on the point is that, regardless of the specific language of the statute, it should be construed to afford the same protections as those afforded to adults under the Fifth Amendment to the federal constitution. Citing federal decisions holding that federal racketeering convictions are based on a pattern of predicate offenses and not on the predicate offenses themselves, the state then argues that there should be no bar to charging an ORICO defendant on the basis of juvenile offenses.

■ Whether ORS 419A.190 bars prosecution on the basis of defendant's juvenile conduct presents a question of statutory construction. We attempt to ascertain the intended meaning of the statute, looking first and foremost to its text in context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In this case, the text of the statute unambiguously provides that proceedings in adult criminal court "based on an act" committed by a child or "arising out of the same conduct" are barred if the juvenile court took evidence or accepted an admission of the child. The state does not dispute that the ORICO charges are "based on" or "aris[e] out of" acts that defendant committed as a child. Nor does the state take issue with defendant's contention that the juvenile court either took evidence or accepted admissions from defendant. Accordingly, the statutory bar applies.

The state's argument that the statute should be construed simply to repeat the protections of the federal constitution ignores the fact that the language of the statute does more than that. The Fifth Amendment provides that no person shall be "subject for the same offence to be twice put in jeopardy of life or limb." Based on that language, federal decisions have held that one who is convicted under the federal racketeering statute is not being punished twice for the same predicate act, because the conviction is for the pattern, not the individual acts. *See, e.g., Garrett v. United States*, 471 US 773, 791, 105 S Ct 2407, 85 L Ed 2d 764, *reh'g den* 473 US 927 (1985); *U.S. v. Morgano*, 39 F3d 1358, 1367 (7th Cir 1993), *cert den sub nom Palermov v. U.S.*, 515 US 1133 (1995). The language of ORS 419A.190 is much broader than the Fifth Amendment, however. It protects not only successive prosecution for the same offense, but also successive prosecution for any conduct "based on" or "arising out of" the original offense. In that regard, we note that, when the Oregon Legislature desires to parrot the language of the federal constitution, it knows how to do so. ORS 131.515, for example, provides that "[n]o person shall be prosecuted twice for the same offense." It did not do so in this case, and we decline the state's invitation to ignore the language of the statute that the legislature chose to enact as ORS 419A.190.

We conclude that the trial court erred in denying defendant's demurrer/motion to strike. Because of that error, there remained only one predicate offense upon which defendant's conviction could be based. ORICO requires proof of a "pattern" of racketeering activity, defined as "engaging in at least two incidents of racketeering activity." ORS 166.715(4). It follows that the ORICO conviction must be reversed.

Reconsideration allowed; opinion vacated; ORICO conviction reversed and otherwise affirmed; remanded for resentencing.