Submitted on remand May 28, reversed and remanded with instructions December 16, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID WENDELL FAIR, JR.,
*Appellant.*

(94-10-37301; CA A90430)

972 P2d 907

Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for respondent.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

Defendant was convicted of racketeering under the Oregon Racketeering Influenced and Corrupt Organizations Act (ORICO). ORS 166.715 *et seq*. We reversed, holding that defendant's demurrer to the indictment should have been allowed because the indictment failed to spell out the relationship between the various alleged predicate offenses of the ORICO violation. *State v. Fair,* 145 Or App 96, 929 P2d 1012 (1996). The Supreme Court reversed, holding that an indictment is generally sufficient to withstand a demurrer if it tracks the pertinent wording of the statute defining the crime. *State v. Fair*, 326 Or 485, 490, 953 P2d 383 (1998). The court remanded the case, and we again hold that defendant's demurrer should have been allowed.

In addition to the challenge to the relationship of the predicate offenses, defendant also demurred to the indictment on the ground that it impermissibly charged juvenile adjudications as predicates. In *State v. Harris,* 157 Or App 119, 967 P2d 909 (1998), we held that ORS 419A.190 bars prosecution of an ORICO offense on the basis of a defendant's juvenile proceedings. Here, the state previously brought juvenile court proceedings against defendant for all the alleged predicate offenses.[1] Defendant's demurrer should have been allowed.

Reversed and remanded with instructions to allow demurrer.

---

[1] The predicate offenses were Unauthorized Use of a Vehicle; Delivery of a Controlled Substance; Possession of a Controlled Substance; Attempted Murder and Attempted Assault in the First Degree.