Submitted on remand from the Oregon Supreme Court July 17, 1998, affirmed April 14, petition for review denied July 20, 1999 (329 Or 126)

STATE OF OREGON,
*Respondent,*

*v.*

MARCUS SAVELLE HARDGES,
*Appellant.*

(94-11-37780; CA A89351)

980 P2d 1137

Brian P. Conry argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of racketeering, first-degree theft, and unlawful possession of a weapon. He appealed, challenging each of the convictions and the sentence imposed. We reversed the racketeering conviction on the ground that the indictment failed to specify a nexus between the predicate offenses that formed the basis for the charge and affirmed as to the other matters without opinion. *State v. Hardges*, 152 Or App 496, 952 P2d 574 (1998). We cited as authority for our decision *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1998), in which we held that a nearly identical indictment was insufficient on that ground. The state petitioned for review both in this case and in *Fair*. The Supreme Court granted the petition for review in *Fair* and reversed, holding that the indictment was sufficient, because it tracked the pertinent words of the racketeering statute. *State v. Fair*, 326 Or 485, 953 P2d 383 (1998). The court then remanded this case for reconsideration in light of *Fair*. On remand we affirm, for the reasons that follow.

Defendant was indicted for racketeering under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO). ORS 166.715 *et seq*. The indictment charged that defendant knowingly, while associated with a street gang, participated in the gang through a pattern of racketeering activity. The indictment alleged a number of predicate acts, three of which included crimes—delivery of a controlled substance, possession of a controlled substance, and robbery in the second degree—that were committed when defendant was a juvenile. The robbery was subject to a juvenile adjudication. Defendant does not suggest, and we find nothing in the record to indicate, that the other crimes were adjudicated as juvenile offenses. Defendant demurred to the indictment on numerous grounds. The trial court overruled the demurrer. The jury found defendant guilty of racketeering on the basis of the three predicate acts that defendant committed when he was a juvenile. On appeal, defendant contends that the trial court should have granted the demurrer for several reasons.

First, defendant argues that the indictment was defective, because it merely tracked the language of the relevant statute and failed adequately to detail the relationship between the predicate offenses alleged. The Supreme Court rejected that contention in *Fair*, 326 Or at 491, and we need devote no further attention to it.

Second, defendant argues that the indictment impermissibly charged juvenile adjudications as predicate offenses. In *State v. Harris*, 157 Or App 119, 967 P2d 909 (1998), we held that juvenile adjudications may not be used as predicate acts for a charge under ORICO. Thus, the robbery charge, which was adjudicated as a juvenile offense, cannot properly be used as a predicate act. The jury, however, found that the state had proven the two other predicate acts. The juvenile adjudication, therefore, was not improperly used as the basis of the ORICO conviction, and the trial court's denial of the demurrer on that ground does not require reversal. *See Harris*, 157 Or App at 124 (reversal required if ORICO conviction is based on less than two predicate adult offenses).[1]

Third, defendant contends that the demurrer should have been granted, for reasons explained in the briefing in a separate appeal involving a different party, *State v. Lyons*, CA A89277. Defendant, however, does not explain how any of those contentions asserted in the other case pertain to his indictment, and we are unable to discern the relationship between them. We reject defendant's contentions without further discussion. *See* ORAP 5.77(2) (a party may not join or adopt a brief in another case).

Defendant asserts a number of other assignments of error, which we reject without discussion.

Affirmed.

---

[1] There is no indication in the record that defendant was taken into custody on the unadjudicated juvenile offenses, or that juvenile court jurisdiction otherwise attached on them before defendant turned 18. *See Brown v. Zenon*, 133 Or App 291, 294-95, 891 P2d 666 (1995).