Submitted on remand from the Oregon Supreme Court July 17, 1998, affirmed April 14, 1999

STATE OF OREGON,
*Respondent,*

*v.*

ERIC LAMONT HARRIS,
*Appellant.*

(94-11-37779; CA A89273)

980 P2d 1132

Howard Clyman argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Landau, Presiding Judge, and Wollheim and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was convicted of racketeering, unlawful possession of a firearm, unlawful use of a weapon, and possession and delivery of a controlled substance. He appealed, challenging the racketeering conviction on numerous grounds and challenging the other convictions, as well. We reversed the racketeering conviction on the ground that the indictment was insufficiently specific as to a nexus between the predicate offenses that formed the basis of the racketeering charge and affirmed the other convictions without opinion. *State v. Harris*, 152 Or App 495, 952 P2d 575 (1998). As authority for our decision, we cited *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1996), in which we held that a nearly identical indictment was insufficient on that ground. The state petitioned for review both in this case and in *Fair*. The Supreme Court granted the petition for review in *Fair* and reversed, holding that the indictment was sufficient, because it tracked the pertinent words of the racketeering statute. *State v. Fair*, 326 Or 485, 953 P2d 383 (1998). The court then remanded this case for reconsideration in light of *Fair*. On reconsideration, we affirm for the reasons that follow.

Defendant was indicted for racketeering under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO). ORS 166.715 *et seq*. The indictment charged defendant did:

"unlawfully and knowingly, while associated with an enterprise, to wit: the Loc'd Out Piru Bloods, a street gang, not a legal entity but an association in fact, participate directly or indirectly in said enterprise through a pattern of racketeering activity."

The indictment then alleges six predicate offenses: (1) delivery of a controlled substance, based on a 1991 juvenile adjudication; (2) unlawful possession of a firearm, based on a charge brought as part of a juvenile proceeding, but ultimately dismissed as part of a plea arrangement; (3) unlawful possession of a firearm; (4) unlawful use of a weapon; (5) possession of a controlled substance; and (6) delivery of a controlled substance. Defendant demurred to the indictment on numerous grounds. The trial court denied the demurrer. The

jury found defendant guilty of racketeering. In a special verdict form, the jury found that the state had not proven the first two predicate offenses, but that the state had proven the other four. On appeal, defendant assigns error to the denial of the demurrer on six grounds.

Defendant first argues that the indictment was defective, because it merely tracked the language of the relevant statute and failed adequately to detail the relationship between the predicate offenses alleged. The Supreme Court squarely rejected that contention in *Fair*, 326 Or at 491, and we need devote no further attention to it.

■ Defendant next argues that the indictment impermissibly charged juvenile adjudications as predicate offenses. In *State v. Harris*, 157 Or App 119, 967 P2d 909 (1998), we held that juvenile adjudications may not be used as predicate acts for a charge under ORICO. Thus, in this case, the first predicate offense, based on the 1991 juvenile adjudication for delivery of a controlled substance, was improperly alleged as a predicate offense to the ORICO charge. The jury, however, found that the state had failed to prove that predicate offense. The jury also found that the state had proven four other predicate offenses, all based on offenses committed as an adult. The juvenile adjudication, therefore, was not improperly used as the basis of an ORICO conviction, and the trial court's denial of the demurrer on that ground does not require reversal. *See Harris*, 157 Or App at 124 (reversal required if ORICO conviction is based on less than two predicate adult offenses).

■ Defendant next contends that the demurrer should have been granted, because the indictment alleged as a predicate offense the unlawful possession of a firearm, which was dismissed pursuant to plea negotiations. As with the juvenile adjudication, the jury found that the state had not proven the unlawful possession of a firearm charge. Accordingly, any error in failing to grant the demurrer as to that charge does not require reversal.

■ Defendant next contends that the demurrer should have been granted, because the indictment contains "prejudicial surplusage." The indictment alleges that defendant, while associated with an enterprise, participated in the

enterprise through a pattern of racketeering activity described as predicate acts in six separate paragraphs. Each of the six paragraphs begins with the words: "That a person or persons within the enterprise, to-wit:" followed by defendant's name and a description of the predicate act. Defendant argues that the quoted language is surplusage, apparently because ORICO does not use that phrase in describing the offense.

■■    ORS 132.550 provides that an indictment

"shall contain * * *:

"* * * * *

"(7)   A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended[.]"

The indictment need not track the language of the statute exactly. As ORS 132.540(3) makes clear:

"Words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used."

The fact that an indictment contains surplusage does not, in and of itself, render the indictment defective; only if the surplusage prejudices the substantial rights of a defendant does it render an indictment insufficient as a matter of law. *State v. Standard*, 232 Or 333, 340, 375 P2d 551 (1962).

In this case, the indictment alleges each of the elements of the offense in general terms. The additional language at the beginning of each predicate offense allegation is perhaps unnecessary. But defendant does not explain, and we do not understand, how he was prejudiced by the inclusion of that clause in the indictment. Accordingly, the trial court did not err in rejecting defendant's demurrer to the indictment on the ground that it contained prejudicial surplusage.

Defendant next contends that the trial court should have granted his demurrer, because certain phrases in ORICO itself are unconstitutionally vague. In particular, defendant complains that the terms "associated with,"

"participated in," "enterprise," and "pattern of racketeering activity" have too many possible meanings and therefore fail to give him fair notice of where lawful conduct ends and unlawful conduct begins. Defendant acknowledges that we held that ORICO is not unconstitutionally vague in *State v. Romig*, 73 Or App 780, 700 P2d 293 (1985). He argues that his arguments are different from those asserted in *Romig* and that, in any event, *Romig* was wrongly decided.

■■■ Under Article I, sections 20 and 21, of the Oregon Constitution, a criminal statute must be sufficiently explicit to inform those who are subject to it of what conduct is prohibited. *State v. Plowman*, 314 Or 157, 160-61, 838 P2d 558 (1992). A "reasonable degree of certainty" about what conduct falls within the statute's prohibition is required; absolute certainty is not. *Id.* at 162. In addition to giving fair notice of prohibited conduct, a criminal statute must not be so vague as to allow a judge or jury unbridled discretion to decide what conduct to punish. *Id.* at 163. In *Romig*, we addressed whether the terms "enterprise" and "pattern of racketeering" are unconstitutionally vague. We concluded that "[a]lthough [O]RICO is complicated because of its many definitions and cross-references to other crimes, it is not indefinite or vague." *Romig*, 73 Or App at 788. We adhere to that conclusion with respect to defendant's contentions in this case.

■■■ Defendant argues that each of the terms, taken by itself, is too indefinite to give him notice of the nature of the crime. Each, he argues, could be taken to refer to entirely innocent behavior. That is true, however, only to the extent that the terms are taken without regard to their actual use in the language of the statute. Merely because a given term, in the abstract, may be indefinite does not mean that the same term, as used in a specific statutory context, also is indefinite.

ORICO provides that:

"It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering * * *."

ORS 166.720(3). An "enterprise" is defined to include:

> "[A]ny individual, sole proprietorship, partnership, corporation, business trust or other profit or nonprofit legal entity, and includes any union, association or group of individuals associated in fact although not a legal entity, and both illicit and licit enterprises and governmental and nongovernmental entities."

ORS 166.715(2). "Racketeering activity" is defined to mean "to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit" any of a list of specified crimes. ORS 166.715(6). A "pattern" of racketeering activity means:

> "[E]ngaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents[.]"

ORS 166.715(4).

■  In that context, the terms "associated with" and "participate in" are not unconstitutionally vague. The statute does not criminalize "association" or "participation" alone. No doubt that would be unconstitutionally vague. Instead, the statute prohibits one who is associated with an "enterprise" from participating in the enterprise "through a pattern of racketeering activity," as the quoted terms are specifically defined by statute.

■  Defendant argues that, even so, the term "pattern of racketeering activity" remains vague for the same reasons that we concluded that the terms "scheme" and "network" were unconstitutionally vague in *State v. Moeller*, 105 Or App 434, 806 P2d 130 (1991), *rev dismissed* 312 Or 76 (1992). We disagree. In *Moeller*, an administrative rule made involvement in a cultivation, manufacture, or delivery "scheme" or "network" an aggravation of the offenses of cultivation, manufacture, and delivery of controlled substances. The terms were not defined by statute or rule. The state argued that the terms were of common usage and that they should be given their ordinary, dictionary meanings. We held that the dictionary definitions did not clarify the meaning of

the terms, which, we said, had "too many possible meanings." We concluded that the terms were vague, because it was

> "impossible to discern from the phrase where the offenses end and where the aggravation begins, what conduct over and above the offenses constitutes the aggravating events or how the words 'scheme or network' play into the equation. The phrase is susceptible to an abundance of possible meanings and applications, all or none of which may be the intended ones."

*Moeller*, 105 Or App at 441. In contrast, ORICO specifically defines the terms "pattern" and "racketeering activity." A "pattern" consists of two or more incidents of racketeering that are similar or interrelated in specifically defined ways, and "racketeering activity" consists of any of a specific list of crimes. ORICO thus does not suffer the same defect as did the rule in *Moeller*. We conclude that the challenged terms as defined and applied in ORICO provide a "reasonable degree of certainty," *Plowman*, 314 Or at 160, about what conduct is prohibited. The trial court did not err in overruling defendant's demurrer on that ground.

Finally, defendant contends that the trial court should have granted his demurrer on the ground that ORICO is unconstitutionally overbroad. According to defendant, the indictment—using the language of the statute—charges him with unlawfully associating with a gang. Gang association, he argues, is constitutionally protected. The indictment, however, does not charge defendant with mere gang association. It charges that, while associated with the gang, defendant participated in that gang through a pattern of racketeering activity. We reject defendant's contention without further discussion.

Affirmed.