Argued and submitted August 24, 1999, affirmed May 17, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# ERVAN RONNEL HERRING,
*Appellant.*

(94-10-37305; CA A89138)

2 P3d 439

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant, who was jointly indicted with ten other individuals for violation of the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), appeals his convictions of racketeering and unauthorized use of a motor vehicle. Before trial, defendant demurred to the indictment on numerous grounds. Both the state and defendant agree that the only issue on appeal concerns the ORICO conviction. That issue is whether a remand is necessary under *State v. Lyons,* 161 Or App 355, 985 P2d 204 (1999), to determine if two of the predicate acts are barred by the statutory double jeopardy prohibition, *id.* at 364-65 (former jeopardy statute can bar ORICO prosecution for conduct that is identical to conduct charged and resolved by earlier prosecutions), and thereby determine whether the indictment alleged sufficient predicate acts to support the ORICO conviction. *See* ORS 166.715(4) (" 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity * * *."). We conclude that remand is not necessary because the indictment is supported by two valid predicate acts. *State v. Hardges,* 159 Or App 561, 564, 980 P2d 1137 (1998), *rev den* 329 Or 126 (1999).

■ For the ORICO charge, count 1, defendant was indicted for nine predicate offenses. The trial court struck two offenses. The state concedes that three offenses are based on juvenile conduct and, therefore, may not serve as predicate acts for an ORICO charge. *See State v. Harris,* 157 Or App 119, 967 P2d 909 (1998) (juvenile adjudications may not be used as predicate acts). The state also concedes that two offenses were the subject of previous adult prosecutions and, therefore, are controlled by our holding in *Lyons.* 161 Or App at 360 (for ORS 131.515(2) to apply, defendant must prove that "(1) the separate prosecutions are for two or more offenses that are part of the criminal episode; (2) the offenses were known to the appropriate prosecutor at the commencement of the first prosecution; and (3) venue was proper in a single court" (Footnote omitted.)). Defendant argues that *Lyons* requires a remand to determine whether the prosecutor had the requisite knowledge and, thus, whether those acts may serve as predicate offenses.

■     Remand is not necessary, however, because two predicate acts remain that support the ORICO conviction. Those predicate acts, first-degree robbery and unauthorized use of a motor vehicle respectively, were not the subject of a previous prosecution but were charged in the indictment as separate counts. The trial court dismissed the first-degree robbery count but never struck that act, as a predicate offense, from the ORICO count. Defendant then pled no contest to the unauthorized use of a motor vehicle and to the ORICO charge, which included the predicate offenses of first-degree robbery and unauthorized use of a motor vehicle.

An incident of racketeering activity, a predicate offense, "may be used to establish a pattern of racketeering activity without regard to whether the conduct previously has been the subject of a criminal prosecution or conviction or a juvenile court adjudication * * *." ORS 166.715(4). However, the "state must prove guilt of the predicate offenses in order to establish the racketeering charge." *State v. Kincaid*, 78 Or App 23, 30, 714 P2d 624 (1986). It did so here. The trial court accepted defendant's no contest plea after considering the factual basis supporting the ORICO charge. *See* ORS 135.335(2). That included the allegations of first-degree robbery and unauthorized use of a motor vehicle. Accordingly, the ORICO conviction is supported by two predicate acts of racketeering activity. ORS 166.715(4); ORS 166.720.

Affirmed.