Argued and submitted August 24, 1999, reversed June 21, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## MARKELL DEVON JONES,
*Appellant.*

## (94-11-37781; CA A90185)

3 P3d 719

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant, who was jointly indicted with ten other individuals for violation of the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), appeals his conviction of racketeering. ORS 166.720. We accept the state's concessions and reverse the racketeering conviction.

Defendant was charged with six ORICO predicate offenses. Before trial, defendant demurred to the indictment on numerous grounds, and the trial court struck two of the predicate offenses from the indictment. Defendant then waived a jury trial and stipulated to the facts in the indictment, including the four predicate offenses. Three of the remaining ORICO predicate offenses were acts committed while defendant was a juvenile. On appeal, the state concedes that under *State v. Harris*, 157 Or App 119, 967 P2d 909 (1998), the state was precluded from alleging those juvenile acts as predicate offenses in the ORICO prosecution, because ORS 419A.190 precludes the state from using as a predicate offense in a racketeering prosecution any offense that previously was the subject of a hearing in a delinquency proceeding against the defendant in juvenile court. *Id.* at 123. The state concedes that only one predicate offense, possession of controlled substances (PCS), remains to support defendant's racketeering conviction. The state also concedes that defendant's racketeering conviction should be reversed because ORS 166.715(4) requires at least two predicate offenses to support a racketeering conviction. *Id.* at 124.

The state, however, argues that a remand is appropriate for reformation of the conviction to one for PCS. The state explains that the PCS charge was not the subject of a previous prosecution. The state argues that PCS is a lesser included offense to the racketeering charge and that, by stipulating to the facts of that PCS allegation, defendant admitted the elements of the PCS charge, and we should remand for reformation of the conviction and for resentencing. *See State v. Cook*, 163 Or App 578, 587, 989 P2d 474 (1999) (where trial court erroneously convicted the defendant of second-degree assault, an offense not necessarily included in first-degree assault, Court of Appeals remanded to trial court

for entry of conviction of third-degree assault, a lesser included offense to first-degree assault).

The state concedes that the PCS charge is time-barred as an independent charge, ORS 131.125(6)(a) (three-year statute of limitations), but argues that defendant waived that argument because he failed to demur to that predicate offense, as a lesser included offense, in the indictment for the ORICO charge.[1] Defendant responds that the indictment listed the PCS only as a predicate offense, not as an independent charge, and that, as a predicate offense, the PCS allegation did not run afoul of the longer five-year statute of limitations for ORICO prosecutions, ORS 166.725(11)(a). Therefore, defendant argues, he had no reason to demur to the indictment on the ground that the predicate offense was time-barred. Defendant then argues that he responded at the first available opportunity to the state's request for a lesser-included conviction. Accordingly, defendant argues that he did not waive the statute of limitations objection to the independent prosecution of the PCS charge as a lesser-included offense. Even assuming, without deciding, that the PCS charge can be a lesser-included offense to the racketeering charge, *see generally State v. Washington*, 273 Or 829, 543 P2d 1058 (1975) (explaining lesser-included offenses), we reject the state's waiver argument.

Defendant is correct in his assertion that he had no reason to demur to the predicate PCS offense on the ground that it was time-barred. ORS 166.725(11)(a)[2] permits an

---

[1] ORS 135.630 provides, in part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(5) That the accusatory instrument contains matter which, if true, would constitute a legal justification or excuse of the offense charged or other legal bar to the action * * *."

ORS 135.610(1) provides that the "demurrer shall be entered either at the time of arraignment or at such other time as may be allowed to the defendant for that purpose."

[2] ORS 166.725(11)(a) provides, in part:

"Notwithstanding any other provision of law, a criminal or civil action or proceeding under ORS 166.715 to 166.735 may be commenced at any time within five years after the conduct in violation of a provision of ORS 166.715 to 166.735 terminates or the cause of action accrues."

ORICO charge to be brought within five years after a predicate offense is committed, *notwithstanding* any other statutory limitation. Accordingly, permitting a defendant to graft a different limitations period on various predicate offenses, simply because they have not been independently prosecuted, is patently inconsistent with ORS 166.725(11)(a). Conversely, permitting the state to *circumvent* the statutory bar for the independent prosecution of an act by alleging it as a predicate offense to an ORICO charge that cannot be proven similarly circumvents the purpose of the time limitations for independent prosecutions of that act.[3]

The independent PCS charge is time barred.

Reversed.

---

[3] Indeed, it is apparent from the indictment that the state was fully aware of the three-year statute of limitations barring independent prosecution of the PCS charge. The state did not independently charge PCS but did independently charge defendant's codefendants for acts that served as predicate offenses to ORICO charges that were not yet prosecuted and were not time-barred.