Argued and submitted March 19, reversed and remanded November 17, 1993, reconsideration denied March 16, petition for review denied May 10, 1994

(319 Or 81)

## STATE ex rel JUVENILE DEPARTMENT OF MULTNOMAH COUNTY,
*Appellant,*

*v.*

## Tony NELSON,
*Respondent.*

(8906-81596; CA A73426)

863 P2d 497

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

George McDowell argued the cause for respondent. On the brief were Theodore M. Brindle and McKeown & Brindle, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals an order of the juvenile court dismissing a delinquency petition on former jeopardy grounds. We reverse.

In August, 1989, child, then 16 years of age, was charged in a 12-count delinquency petition (the first petition) with two counts of rape in the first degree, four counts of sodomy in the first degree and six counts of sexual penetration with a foreign object in the first degree. The petition alleged that the victims were a five-year-old girl and her three-year-old brother and that all of the acts occurred between December 1, 1988, and January 31, 1989.

An adjudicatory hearing was held on the petition. At the hearing, the victims' mother testified that child had baby-sat the two children for a six-day period just before Christmas in 1988. The five-year-old girl testified that, while he was baby-sitting, child had twice inserted a toy block into her anus and once inserted a toy truck into her brother's anus. She denied that child had done any other sexual act to her or her brother.

Dr. Sebastian, a psychologist, testified that she began treating the victims in January, 1989, when the family moved to Arizona. It was her opinion that each of the children had been sexually abused. She also testified that sexually abused children are "slow to report" and that, due to the severity of the children's traumatization, "there was a greater level of sexual abuse" than they had reported.

At the close of the state's case, the court found that all of the counts, except the four alleging anal penetration with a foreign object, had not been proven. Child then testified and denied any sexual contact of any nature with either victim. At the conclusion of all the testimony, the court found that the remaining counts of penetration with a foreign object had also not been proven beyond a reasonable doubt.

In November, 1989, the victims began psychotherapy with Dr. McReynolds, another psychologist in Arizona. During the course of this therapy, both victims disclosed that they had been subjected to more acts of sexual assault by child than they had previously revealed.

McReynolds provided that new information to the Multnomah County District Attorney's office in letters dated August 21, 1990, and November 26, 1990. On June 18, 1991, on the basis of the new disclosures by the victims, the state filed a second delinquency petition. Child moved to dismiss the second petition on former jeopardy grounds, relying on Article I, section 12, of the Oregon Constitution, the Fifth Amendment to the United States Constitution and the former jeopardy provisions contained in ORS chapter 131.

A hearing was held on child's motion to dismiss. No exhibits were offered or introduced at the hearing. However, the parties provided to the court, for its review, a transcript of the adjudicatory hearing on the first petition and letters from Sebastian and McReynolds.[1] Following review of that material and the two petitions, the court dismissed the second petition on the grounds that "the prosecution on the new petition is barred both by the state statute and by constitutional provisions."

■■ Under Article I, section 12, and ORS chapter 131,[2] the state is prohibited from prosecuting a person for the same offense more than once. A second prosecution is for the same offense under the Oregon Constitution and ORS 131.515[3] if

"the charges arise out of the same 'act or transaction,' could have been tried in the same court, and were or could have been known to the prosecutors at the time of the first

---

[1] The transcript was not included in the record on appeal. However, child has not objected to or challenged the accuracy of the state's citation to the transcript and has not objected to the state's reference to the letters from Sebastian and McReynolds, which the state has included in its appendices.

[2] Neither party questions the application of Article I, section 12, or ORS chapter 131, to a juvenile delinquency proceeding.

[3] ORS 131.515 provides:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court.

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater offense, although the judgment of conviction is subsequently reversed or set aside."

prosecution." *State v. Farley*, 301 Or 668, 672, 725 P2d 359 (1986).

■ The second petition does not allege the same offense as did the first petition. Here, the acts specifically described in the second petition are different from those described in the first petition and are not factually related lesser included offenses of those alleged in the first petition. Child contends that, even if the same offenses are not alleged in the second petition, "the acts must be seen, and are, all part of one criminal episode of alleged sexual abuse by the child toward the girl and boy." In response, the state acknowledges that the acts described in each petition must have occurred on "six days within a ten-day span." However, the state contends that, rather than a single criminal episode, child's various acts, directed at separate criminal objectives, are better described as a series of "discrete criminal episodes."

■ We need not decide whether child's conduct during the ten-day period falls within the definition of a criminal episode, because it is clear that, even if it does, the acts alleged in the second petition were not "reasonably known" to the prosecutor until the proceedings on the first petition were concluded. Although the prosecutor and Sebastian suspected that the victims had been abused more extensively than had been revealed, a prosecutor's "suspicion" that other wrongful acts may have been perpetrated is not sufficient to invoke the former jeopardy rule. *See State v. Hunter*, 58 Or App 99, 106-07, 647 P2d 943 (1982), *rev den* 294 Or 391 (1983).

Nevertheless, child argues that

"the prosecutor reasonably knew that the children had been abused, allegedly by the child. If the prosecutor had only suspected, and did not reasonably know that the abuse had been allegedly performed by the child, the prosecutor could have waited and collected more evidence as the children progressed through therapy. * * * To reverse or remand the juvenile court's findings would allow the prosecutor to have conducted a dry run, and to allow the state to attempt to prove now what it failed to prove before."

The former jeopardy rule does not hamstring the state in the manner child suggests. A perpetrator of sexual assault may not use a victim's tender age and vulnerability as a means to avoid prosecution for each and every act of abuse.

It is understandable that a young child may not, for a multitude of emotional and psychological reasons, be able to reveal immediately each of many acts of abuse. The prosecutor must, in each case, make a good faith effort to uncover the full extent of abuse perpetrated on a child victim. However, having made that effort, nothing prevents a subsequent prosecution for acts revealed for the first time after the conclusion of the first case.

Here, we are satisfied that the prosecutor made a good faith effort to determine the extent to which the victims had been abused. The acts forming the basis of the second delinquency did not come to light until after the adjudicatory phase on the first petition. The second petition is not barred by the former jeopardy rule.[4] The court erred in dismissing the petition.

Reversed and remanded.

---

[4] On appeal, child makes no separate argument under the Fifth Amendment to the United States Constitution.