Submitted on remand from the Oregon Supreme Court November 17, 1998, vacated and remanded with instructions in part; conviction for assault in the third degree affirmed July 7, 1999

STATE OF OREGON,
*Respondent,*

*v.*

SHANNON ANTHONY LYONS,
*Appellant.*

(94-10-37308; CA A89277)

985 P2d 204

Sally L. Avera, Public Defender, and Jesse Wm. Barton, Deputy Public Defender, for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Eleanor E. Wallace, Assistant Attorney General, for respondent.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, P. J.

In this criminal case, defendant and 11 others associated with two street gangs—the Woodlawn Park Bloods and the Loc'd Out Pirus—were indicted for racketeering under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO). ORS 166.715 *et seq.*[1] Before trial, defendant demurred to the indictment on several grounds and moved to sever his trial from that of his codefendants. The trial court denied defendant's motions in their entirety. Defendant then waived trial by jury, and the case was tried to the court on stipulated facts, which included defendant's stipulation to the commission of four predicate acts comprising one juvenile adjudication and three adult criminal convictions. Based on those four predicate acts, the trial court found defendant guilty of ORICO.[2] Defendant appealed his racketeering conviction and, in a per curiam opinion, we reversed that conviction. *State v. Lyons*, 145 Or App 164, 929 P2d 1015 (1996). We based that opinion on *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1996), in which we held that the language of a nearly identical indictment did not sufficiently allege a nexus between the predicate offenses that formed the basis of the racketeering charge. The state petitioned for review of *Fair*, which was granted, and the Supreme Court reversed our decision. *State v. Fair*, 326 Or 485, 953 P2d 383 (1998). The state then petitioned for review of this case and, in a memorandum opinion, the Supreme Court vacated our decision and remanded it for reconsideration in light of *Fair*. On remand, we reverse in part and affirm in part.

---

[1] This case concerns the pre-1997 version of ORS 166.715. In 1997, the legislature amended section 4 of that statute to provide:

"Notwithstanding ORS 131.505 to 131.525 or 419A.190 or any other provision of law providing that a previous prosecution is a bar to a subsequent prosecution, conduct that constitutes an incident of racketeering activity may be used to establish a pattern of racketeering activity without regard to whether the conduct previously has been the subject of a criminal prosecution or conviction or juvenile court adjudication * * *."

[2] The ORICO indictment charged four additional predicate acts that were not prior convictions. However, none of those acts was part of defendant's stipulated facts trial. After that trial, defendant pleaded guilty to assault in the third degree, which was a lesser-included offense to one of those additional charges, and, at sentencing on the ORICO and assault convictions, the trial court dismissed the three remaining charges. On appeal, defendant does not challenge the assault conviction.

■ Normally, we would address defendant's two assignments of error in the order presented. However, in this instance, in light of our disposition, it makes more sense to review initially defendant's second assignment of error, in which he contends that the trial court erred in denying his motion to sever.

■ ORS 136.060(1) commits that decision to the sound discretion of the trial court:

> "Jointly charged defendants shall be tried jointly unless the court concludes before trial that it is clearly inappropriate to do so and orders that a defendant be tried separately. In reaching its conclusion the court shall strongly consider the victim's interest in a joint trial."

Thus, in reviewing the denial of a motion to sever, we must determine whether that denial was "clearly inappropriate," *State v. Quintero*, 110 Or App 247, 252, 823 P2d 981 (1991), keeping in mind that the statute favors joint trials. *State v. Umphrey*, 100 Or App 433, 437, 786 P2d 1279 (1989), *rev den* 309 Or 698 (1990). Here, although the court denied defendant's motion, it nonetheless anticipated separating the 12 defendants into two groups of six for purposes of trial should the case proceed in that manner. On appeal, defendant urges that the trial court's denial of his motion, and its decision to divide the codefendants into two groups, was "clearly inappropriate" because,

> "[e]ven after dividing everything in half, with so many remaining codefendants, predicates and redundant counts, there was no conceivable way jury instructions could have obviated the prejudice inherent in a mega-trial."

Defendant's argument lacks merit because it is based solely on the inherent prejudice of joint trials. Although defendant is correct that the possibility of prejudice exists in any joint trial, ORS 136.060(1) requires joint trials despite that possibility. *Umphrey*, 100 Or App at 438. Without more, there is simply no basis on which to conclude that a joint trial was "clearly inappropriate." The trial court did not err.

In defendant's first assignment of error, he challenges the trial court's denial of his demurrer to the indictment. Before trial, defendant demurred to the indictment on

numerous grounds. On appeal, however, defendant asserts only seven of those grounds as reasons that the demurrer should have been allowed. Several of those grounds have been resolved by this court and the Supreme Court. *See Fair*, 326 Or 485 (there was a sufficient nexus between predicate acts and the racketeering charge); *State v. Harris*, 159 Or App 553, 980 P2d 1132 (1999) (alleged "prejudicial surplusage" did not prejudice the defendant; certain phrases in indictment were not unconstitutionally vague; ORICO is not unconstitutionally overbroad); *State v. Harris*, 157 Or App 119, 967 P2d 909 (1998) (juvenile adjudications may not be used as predicate acts).

■ Here, however, defendant asserts a basis for reversal that has not previously been addressed. Defendant argues that the statutory former jeopardy bar contained in ORS 131.515(2)[3] prohibited the state from using one juvenile adjudication and three adult convictions as predicate acts for the purpose of establishing an ORICO violation. Defendant initially attempted to raise the former jeopardy bar in the trial court by demurrer. However, the trial court treated the demurrer as a motion to dismiss, found that it was timely and decided the issue on that basis. Neither party challenges that procedure on appeal, and, consequently, we also treat the issue as raised by a motion to dismiss the indictment. Additionally, we note that, for purposes of this argument, we focus only on defendant's three adult convictions because we recently held that the juvenile code's former jeopardy provision, ORS 419A.190, bars the use of a juvenile adjudication as a predicate offense in an ORICO prosecution.[4] *Harris*, 157 Or App 119.

---

[3] ORS 131.515(2) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

[4] The conduct that formed the basis of the ORICO conviction, all of which was the subject of earlier prosecutions, was charged in the indictment as follows: Unlawful Possession of a Weapon (a 1990 juvenile adjudication); Possession of a Controlled Substance Schedule II (a 1991 adult conviction); Possession of a Controlled Substance Schedule II (a 1992 adult conviction); and Robbery in the Second Degree (a 1993 adult conviction).

■■ The criminal code's former jeopardy provision is codified at ORS 131.515. Subsection (1) of that statute is consistent with the constitutional prohibition against former jeopardy contained in Article I, section 12, of the Oregon Constitution, *State v. Delker*, 123 Or App 129, 132, 858 P2d 1345 (1993), and bars successive prosecutions for the same offense. Subsection (2), which is at issue here, provides *greater* protection for criminal defendants because it bars consecutive prosecutions not only for the same offense but also for all known charges arising out of the same criminal episode. *Id.* Here, defendant's argument centers on whether the ORICO charge and defendant's adult criminal convictions, which were used as predicate offenses to establish that charge, "stem from the same criminal episode."

■■ Before reaching that question, we address a matter of procedure. It is a defendant's burden to prove each element of former jeopardy, *id.*, and, normally, a failure to prove any element would doom his former jeopardy challenge. *See State v. Knowles*, 289 Or 813, 822, 618 P2d 1245 (1980) ("If any of the three are not established, the claim of former jeopardy under ORS 131.515(2) must fail."). Under ORS 131.515(2), those elements include proof that (1) the separate prosecutions are for two or more offenses that are part of the same criminal episode; (2) the offenses were known to the appropriate prosecutor at the commencement of the first prosecution;[5] and (3) venue was proper in a single court. *Delker*, 123 Or App at 132. In this instance, as we explain below, defendant's prior convictions support his contention as to the first factor and establish the third because the three prior adult convictions, and the ORICO charge, all occurred in the same county. Defendant offers no proof as to the second factor—reasonable knowledge—and the record contains none. In this instance, however, the trial court denied the parties the opportunity to make a record on that issue, over the parties' objections. Thus, we may consider defendant's challenge because it was the court, not defendant, that limited the development of the record in that regard.

---

[5] Because an ORICO charge requires "at least two incidents of racketeering activity[,]" ORS 166.715(4), for purposes of a former jeopardy analysis under ORS 131.515(2), the reasonable knowledge determination here turns on the prosecutor's knowledge at the time of the second or third prosecutions.

■ Turning now to the merits, the answer requires that we construe ORS 131.515(2) to determine whether an ORICO offense and its predicates are part of the "same criminal episode." In doing so, we look first to the statute's text and context, which includes other related statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). At the first level of inquiry, we also must consider the Supreme Court's interpretation of ORS 131.515(2) and ORS 131.505(4), as announced in *State v. Boyd*, 271 Or 558, 564-69, 533 P2d 795 (1975), because, in the absence of intervening statutory revisions, "when th[e] court interprets a statute, that interpretation becomes part of the statute as if it were written into the law at the time of its enactment." *Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995).

■ ORS 131.505(4) defines "same criminal episode," which is synonymous with the phrase "same transaction," *Boyd*, 271 Or at 566, as follows:

> " 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The text of that statute is clear. Multiple acts comprise the same criminal episode only if those acts are directed toward the accomplishment of a *single criminal objective*. ORS 131.505(4) also instructs that whether certain acts are connected by a single goal may be shown by their "continuous and uninterrupted" nature and by their bond "in time, place and circumstance." *See, e.g.*, *State v. Smith*, 95 Or App 683, 687, 770 P2d 950 (1988), *rev den* 308 Or 158 (1989) (separate drug deliveries, over a one-month period, were not part of the same criminal episode because the conduct was not so joined in place, time and circumstance that the underlying facts of each act was necessary proof of the others); *State v. Nguyen*, 95 Or App 653, 656-57, 771 P2d 279, *rev den* 308 Or 142 (1989) (two DUIIs, within two hours of each other, were not part of the same criminal episode because the conduct was not continuous). In *Boyd*, the court established an initial guideline—the unitary transaction test—to determine whether conduct is connected in the manner described by

ORS 131.505(4): where "the facts of *each* charge can be explained adequately only by drawing upon the facts of the other charge." *Boyd*, 271 Or at 566 (emphasis in original).

■■■■■ That test is not the only guideline, however. In some circumstances, the application of the unitary transaction test may fail to yield a clear answer as to whether successive prosecutions are barred by ORS 131.515(2). *Id.* at 567. Where there is some question as to whether the various charges should have been joined in an earlier prosecution, the jeopardy concern should be resolved by considering the defendant's right, as embodied in ORS 131.515(2), "to be free from being required to answer more than once for the same act or transaction[.]" *Id.* at 569. In other words, in using the phrase "based upon the same criminal episode," the legislature established a policy of finality for the defendant's benefit that prohibits the reprosecution of factual issues already resolved by an earlier prosecution. *See id.* at 567 (noting that a failure to join in first proceeding conduct that is part of the same criminal episode is "inexcusable and therefore a subsequent attempt by the state to prosecute would constitute undue harassment"). The consideration here focuses on the *conduct* on which criminal culpability rests in the later prosecution and whether that conduct already has been litigated in a previous prosecution. *Id.* at 570-71.

■■■ In this case, defendant was charged with violating ORICO by participating in an enterprise—*i.e.*, the Woodlawn Park Bloods—through a pattern of racketeering activity. ORS 166.720(3). A pattern of racketeering activity requires at least two predicate acts, related by their "intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise[.]" ORS 166.715(4). Predicate acts include "any conduct that constitutes" certain listed crimes, ORS 166.715(6), including the ones for which defendant previously was convicted. Thus, to prove defendant's ORICO charge, the state was required to prove all the elements of defendant's prior offenses, *Computer Concepts, Inc. v. Brandt*, 310 Or 706, 717, 801 P2d 800 (1990), which, in turn, meant that the state needed to draw on the underlying facts of those acts to explain adequately the ORICO charge.

■ Accordingly, a similar analysis obtains in applying the definition of "same criminal episode" of ORS 131.505(4) to the ORICO charge and its predicates. In requiring proof of a pattern of racketeering, ORS 166.720(3) describes a single continuing offense that begins with the date of the commission of the first predicate act and ends on the day the indictment issues. Further, ORICO bonds the various predicate acts by their nexus to the criminal enterprise. Thus, in the context of an ORICO charge, various incidents of distinct criminal conduct, performed at different times, comprise a single ORICO offense. In that sense, those acts are "continuous and uninterrupted" as incidents of the single and continuing ORICO offense and are "so joined in time, place and circumstance" that the acts share a common criminal objective to further the criminal enterprise.

■ Nevertheless, that factual relationship fails to satisfy perfectly *Boyd*'s unitary transaction test and does not exactly fit the definition of "same criminal episode" in ORS 131.505(4). That is so because, although proof of the ORICO violation depends on proof of the predicates, the same is not true in reverse. That is, proof of the predicates does not in any way depend on proof of the ORICO violation. Thus, in this instance, the charges, though related, are not "cross-related" for purposes of the *Boyd* test. Similarly, and in regard to the statutory definition, though the predicate acts share a common criminal objective when viewed in the context of an ORICO charge, standing alone their criminal objectives are distinct.

■ Here, however, we conclude that the additional consideration of finality in prosecution proves dispositive. As noted, that determination turns on the consideration of defendant's prior convictions in terms of the *conduct* actually charged in the ORICO indictment, which provided, in relevant part:

"58. That [defendant], * * * on or about June 8, 1992, * * * did unlawfully and knowingly possess a controlled substance, * * * which constitutes the crime of POSSESSION OF A CONTROLLED SUBSTANCE SCHEDULE II;

"59. That [defendant], * * * on or about August 10, 1991, * * * did unlawfully and knowingly possess a controlled substance, * * * which constitutes the crime of POSSESSION OF A CONTROLLED SUBSTANCE SCHEDULE II;

"* * * * *

"61. That [defendant], * * * on or about September 22, 1993, * * * did unlawfully and knowingly use and threaten the immediate use of physical force * * * and did represent by word and conduct that he, * * * was armed with * * * a firearm, while in the course of attempting to commit theft of property, * * * with the intent of preventing resistance to * * * defendant's taking of the said property, which constitutes the crime of ROBBERY IN THE SECOND DEGREE[.]"

The conduct charged for purposes of the ORICO is identical to the conduct charged and resolved by the earlier prosecutions. Those acts, joined by their bond to the enterprise, form the principal ingredients of the ORICO charge because without them, defendant's ORICO charge does not lie. To be sure, proof of a pattern of racketeering is also a material and distinguishing element of an ORICO violation. However, that factor pertains to the legality of consecutive punishments and convictions for the ORICO and its predicates, not successive prosecutions. That is so because, with respect to multiple punishments, additional elements demonstrate a legislative intent to provide for new penal prohibitions and consecutive sentences that, in turn, justify consecutive punishments. *State v. Wallock/Hara*, 110 Or App 109, 113, 821 P2d 435 (1991), *rev den* 313 Or 75 (1992); *State v. Blossom*, 88 Or App 75, 79, 744 P2d 281 (1987), *rev den* 305 Or 22 (1988).

Here, the problem under ORS 131.515(2), as that statute was interpreted in *Boyd*, is that defendant was charged with an offense wholly comprising acts that have been the subject of prior prosecutions. Thus, the ORICO prosecution in this case requires the reprosecution of factual issues already resolved by the earlier cases and, in that light, asks defendant to answer twice for the same conduct. Had the prosecutor reasonably known of the ORICO violation at the time of the second or third prosecution, under *Boyd* a failure to join that charge in the earlier proceeding would be

"inexcusable and * * * a subsequent attempt by the state to prosecute would constitute undue harassment." *Boyd,* 271 Or at 567. Nothing in the relevant ORICO provisions suggests that the legislature intended to subject defendant to that sort of harassment or, put differently, to limit in the context of an ORICO charge the protections against successive prosecutions provided by ORS 131.515(2).[6] *See, e.g., State v. Kambra,* 93 Or App 156, 158, 761 P2d 539, *rev den* 307 Or 246 (1988) ("ORS 153.585(1) creates an express exception to statutory limitations on subsequent prosecution when one of the offenses is a traffic infraction."). Therefore, in this instance, ORS 131.515(2) may bar the use of defendant's prior adult convictions as predicate acts for the ORICO charge. The trial court erred in concluding otherwise.

■ Because the trial court failed to take evidence on the reasonable knowledge issue, we vacate the ORICO conviction and remand to the trial court for an evidentiary hearing in that regard. The knowledge issue turns not only on whether the prosecutor knew of the existence of a pattern of racketeering, which requires proof of at least two predicate acts and an enterprise, ORS 166.720(3), but also, and significantly, on the prosecutor's degree of certainty about the existence of those facts. *See State ex rel Juv. Dept. v. Nelson,* 124 Or App 562, 566-67, 863 P2d 497 (1993), *rev den* 319 Or 81 (1994) (mere suspicion is not enough to trigger the double jeopardy protections of ORS 131.515(2)); *State v. Hunter,* 58 Or App 99, 106-07, 647 P2d 943 (1982), *rev den* 294 Or 391 (1983) (accord). If the court determines that the appropriate prosecutor had reasonable knowledge of sufficient facts to prosecute defendant for the ORICO offense at the commencement of the second or third prosecution for the predicate acts, the trial court is directed to enter judgment dismissing the ORICO charge. That is so because, in that case, ORS 131.515(2) would bar the use of defendant's adult convictions as predicates acts, and ORS 419A.190 bars the use of his juvenile adjudications, *Harris,* 157 Or App 119, which, in turn, would leave no predicate acts on which to base defendant's ORICO conviction. If, on the other hand, the trial court determines that the appropriate prosecutor did not possess

---

[6] *See* n 1 above.

the requisite knowledge, then ORS 131.515(2) would not bar the use of defendant's prior convictions as predicate acts, and the ORICO conviction should be reinstated.

Conviction for ORICO vacated and remanded with instructions for court to determine whether appropriate prosecutor had requisite knowledge. If the court finds that appropriate prosecutor did not have requisite knowledge, then it shall reinstate ORICO conviction; otherwise it shall dismiss the charge. Conviction for assault in the third degree affirmed.