Argued and submitted November 28, 2001, reversed in part; otherwise affirmed
January 15, 2003

## STATE OF OREGON,
*Appellant,*

*v.*

## RICHARD TODD FORE,
*Respondent.*

## 99C56483, 00C45246; A111606

62 P3d 400

Laura S. Anderson, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

## DEITS, C. J.

The state appeals a pretrial order dismissing an indictment. ORS 138.060(1). We reverse.

The facts are undisputed. On November 19, 1999, defendant was working on an inmate road crew in Marion County. Defendant ran away from the road crew. His departure was reported at 9:47 a.m. At 10:08 a.m., three blocks away, a cleaning company reported seeing a company van being driven away without permission. At 7:38 p.m., in Josephine County, defendant was observed near the van. Defendant was arrested. He was charged in Josephine County with unauthorized use of a motor vehicle. He was tried and convicted of the charge.

In this Marion County proceeding, defendant was charged with unauthorized use of a motor vehicle, ORS 164.135, and escape in the second degree, ORS 162.155. Defendant moved to dismiss the indictment on the ground that the Josephine County prosecution barred the Marion County prosecution. Defendant relied on ORS 131.515(2), Article I, section 12, of the Oregon Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution. The trial court granted defendant's motion, concluding that the Marion County prosecution was barred by ORS 131.515(2).

The state appeals, arguing only that the trial court erred in dismissing the escape count.[1] The state argues that the trial court erred in granting defendant's motion to dismiss under ORS 131.515(2) because two of the elements of that statute were not satisfied.

■ ORS 131.515(2), which codifies a criminal defendant's protection against former jeopardy, provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate

---

[1] The state expressly states that it does not challenge the dismissal of the unauthorized use of a vehicle count, and we do not address whether dismissal of that count was correct.

prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

We have explained that a former jeopardy claim includes three elements: (1) the separate prosecutions are for two or more offenses that are part of the same criminal episode; (2) the offenses were known to the prosecutor when the first prosecution was commenced; and (3) venue was proper in a single court. *State v. Lyons*, 161 Or App 355, 360, 985 P2d 204 (1999). A defendant has the burden of establishing each element of former jeopardy. If a defendant fails to establish any one element, the claim of former jeopardy under ORS 131.515(2) fails. *State v. Knowles*, 289 Or 813, 822, 618 P2d 1245 (1980); *Lyons*, 161 Or App at 360.[2]

In this case, the state argues that defendant failed to establish two of the elements of a former jeopardy claim. First, the state argues that the two offenses here were not "based upon the same criminal episode." Second, the state argues that venue for the two offenses could not be established in a single court. Because we conclude that the offenses in this case were not "based upon the same criminal episode," we do not address the state's venue argument.

The state argues that defendant's escape and his unauthorized use of the van were not "based on the same criminal episode," because defendant's escape was complete when he ran away from the work crew and before he took the van. Because a complete account of each crime is possible without relating details of the other, the state reasons, the two crimes were not "based on the same criminal episode" for purposes of former jeopardy. Defendant responds that the events here were so closely linked as to be logically inseparable. Less than 21 minutes elapsed between defendant's leaving the work crew and the loss of the van being reported. The trial court found that defendant had a single criminal objective in running away from the work crew and in taking

---

[2] *Lyons* represented an exception to the rule that without proof of each element a claim of former jeopardy must fail. In that case, the trial court had denied, over the parties' objections, the opportunity to make a record on the issue of prosecutorial knowledge. 161 Or App at 360. Accordingly, the defendant's failure to prove that element did not doom his former jeopardy claim. That exception does not apply in this case.

the van, namely to escape. Defendant argues that, because his conduct was continuous and uninterrupted and accomplished in pursuance of a single criminal objective, the escape and the unauthorized use of the vehicle were "based upon the same criminal episode."

■■ We begin by addressing our standard of review. At oral argument, defendant contended that the trial court's conclusion that defendant took the van as "part of his flight" is a factual determination that defendant's escape was not complete until he took the van. Defendant argued that we could not review the question of whether the escape and the unauthorized use of the vehicle were part of the same criminal episode because the trial court had determined that issue as a finding of fact. Indeed, we are bound by the trial court's findings of historical fact if there is evidence in the record to support them. *Knowles*, 289 Or at 823-24 (rejecting trial court's finding that the prosecutor reasonably knew about the first prosecution because there was no evidence in the record to support it); *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968). On the other hand, we review the trial court's legal conclusions about whether those facts satisfied the elements of ORS 131.515(2) for errors of law. *See Lyons*, 161 Or App at 361 (whether ORICO offense and its predicates are part of the "same criminal episode" requires court to construe statutes defining those offenses).

■■ The question of whether events constitute a single criminal episode requires a legal conclusion, not a factual one. *Cf. State v. Jones (A82752)*, 141 Or App 41, 46, 917 P2d 515 (1996) (issue of what conduct constitutes implied consent or statutory waiver under ORS 131.515(2) is reviewed without deference on appeal; rejecting the defendant's argument that appellate court must defer to a trial court's determination of consent if there is evidence to support it). Although we may not disturb any predicate findings of historical facts that underlie the trial court's ruling, we review the trial court's application of the law to those facts for legal error. *See State v. Delker*, 123 Or App 129, 134-36, 858 P2d 1345 (1993), *rev den*, 318 Or 326 (1994) (reviewing for errors of law whether conduct for which the defendant was held in contempt was part of the same criminal episode as that which led to later criminal charges). Accordingly, we review for legal error

whether defendant's escape and his unauthorized use of a vehicle were part of the same criminal episode.

ORS 131.505(4) defines "criminal episode" as

"continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

The phrase "same criminal episode" is synonymous with the phrase "same act or transaction" in ORS 132.560(2), the permissive joinder statute. *State v. Boyd*, 271 Or 558, 565-66, 533 P2d 795 (1975). Accordingly, the Supreme Court explained in *Boyd*, the "same act or transaction" test from *State v. Fitzgerald*, 267 Or 266, 273, 516 P2d 1280 (1973), applies to the "same criminal episode" element of ORS 131.515(2). *Boyd*, 271 Or at 565. In *Fitzgerald*, the court stated:

"[T]wo charges arise out of the same act or transaction if they are so closely linked in time, place and circumstance that a complete account of one charge cannot be related without relating details of the other charge."

267 Or at 273. The court in *Boyd* elaborated, "[I]f a complete account of one charge necessarily includes details of the other charge, the charges must be joined to avoid a later double jeopardy defense to further prosecution." 271 Or at 566. We explained in *Lyons* that that statement from *Boyd* creates a "unitary transaction" test. *Lyons*, 161 Or App at 361-62. If the unitary transaction test yields a clear answer that the charges did not need to be joined, a later prosecution for one of the charges does not violate ORS 131.515(2).

In this case, a complete account of the escape charge does not necessarily include the details of the unauthorized use of a vehicle charge. Defendant was charged with escape in the second degree, in particular that he escaped from the Santiam Correctional Institution.[3] *See* ORS 162.155(1)(c).

---

[3] The parties have raised no issue about whether working on the inmate road crew constituted constructive confinement. *See, e.g., State v. Ratliff*, 89 Or App 483, 486, 749 P2d 616 (1988) ("Courts have consistently held that when incarcerated persons are lawfully outside their correctional facilities, they are still confined there for purposes of the escape statute."); *State v. Gilmore*, 236 Or 349, 355, 388 P2d 451 (1964) (escape from county farm of a prisoner serving a sentence in the county jail is escape from the jail).

" 'Escape' means the unlawful departure of a person from custody or a correctional facility." ORS 162.135(5). As we explained in *State v. Metcalfe*, 172 Or App 501, 504-05, 19 P3d 374 (2001), in the context of a prosecution for escape from custody, ORS 162.155(1)(a), escape is completed when a defendant sets out on a course of action that results, even momentarily, in the defendant no longer being in custody. *See also State v. Hassman*, 78 Or App 496, 501, 717 P2d 245, *rev den*, 301 Or 240 (1986) (the defendant "escaped" where officer was in continuous pursuit); *State v. Fitzgerald*, 16 Or App 376, 378-79, 518 P2d 678, *rev den* (1974). Here, defendant's escape was complete as soon as he ran away from the road crew, and certainly no later than 9:47 a.m., when his departure was reported. A complete account of the escape charge can be made by relating only that defendant ran away from a road crew and without mentioning any details of events that led to the unauthorized use of a vehicle charge.

Defendant argues that this case is distinguishable from *Fitzgerald*, 267 Or 266, which also involved an escape charge and an unauthorized use of a vehicle charge and in which the court concluded that the charges did not arise out of the same act or transaction. 267 Or at 273. It is true that in *Fitzgerald* the escape and the taking of the vehicle were separated by more time—over 16 hours—and more space—at least 15 miles—than in this case and that the court in that case found that separation to be significant. *Id.* The court further stated, however:

> "The evidence of the unauthorized use of the vehicle did not tend in any way to prove the escape. In addition, a complete account of the details of each offense could be related without the necessity of relating any details of the other charge."

*Id.* Even though the escape and the taking of the vehicle in this case were closer in time and space, that is not dispositive. What matters is that they were not *"so closely* linked in time, place and circumstance that a complete account of one charge cannot be related *without relating details of the other charge."* *Id.* (emphasis added).

The prosecution of defendant for the escape charge in a proceeding separate from the prosecution for the unauthorized use of a vehicle charge will not violate ORS

131.515(2).[4] Accordingly, the trial court erred in granting defendant's motion to dismiss the escape charge.

Judgment dismissing charge of escape reversed; otherwise affirmed.

---

[4] Although, in the trial court, defendant also raised state and federal constitutional arguments in support of his motion to dismiss, he does not pursue them on appeal as reasons that the trial court might have been "right for the wrong reason." Accordingly, we decline to address them.