# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
January 6, 2009 Session

## STATE OF TENNESSEE v. CEDRIC JOHNSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 08-00199     Chris Craft, Judge**

---

**No. W2008-01593-CCA-R3-CD  - Filed November 30, 2009**

---

ALAN E. GLENN, J., dissenting.

I respectfully dissent from the majority opinion.  As I will explain, I believe that the trial court erred in dismissing the aggravated robbery indictment.

The issue in this appeal is whether the charges of aggravated robbery and making a false report are "based upon the same conduct or arise from the same criminal episode," requiring mandatory joinder, or whether they "constitute parts of a common scheme or plan," with joinder being permissive.  Tenn. R. Crim. P. 8(1)(A), (b)(1).  I conclude that the trial court erred in determining that the two offenses were part of the same criminal episode and that, even if this were the case, it is contrary to the intent of Rule 8 that the defendant's plea of guilty to making a false report bars his being prosecuted for aggravated robbery.

The record in this matter is quite thin; the hearing on the defendant's motion to dismiss consists solely of colloquy among the trial court and counsel without any testimony being presented. Thus, the record for the trial court's review, as well as that of this court, consists solely of several documents, the authenticity of which apparently is not being questioned.[1]

Initially, I note that the affidavit of complaint makes no mention of a vehicle's being used in the April 4, 2007, 11:25 p.m. aggravated robbery of Di'A E. Watkins, and the affidavit of complaint for the making a false report states only that the vehicle, which was the subject of the false report, was "believed to have been just used in a robbery."  Thus, while the record on appeal does not tie together these offenses, the State has not disputed that such a tie existed.  Accordingly, the sufficiency of the evidence presented to the trial court is not an issue on appeal.

---

[1]While it appears that these documents were not made an exhibit at the hearing, they are attachments to the motion to dismiss which is contained in the technical record.  The State has not argued that the record is insufficient for appellate review, and we concur. See State v. Bobadilla, 181 S.W.3d 641, 644 (Tenn. 2005).

First, I do not believe that Rule 8 contemplates that a defendant, having pled guilty to a marginally related lesser offense, must then be protected from the vexation of being prosecuted for a serious felony. To apply Rule 8 in such a fashion is, in my mind, utilizing a cure for which no corresponding disease exists.

The Advisory Commission Comments explain that the intent of Rule 8(a) is to prevent "a deliberate and willful 'saving back' of known charges for future prosecution":

> This rule is designed to encourage the disposition in a single trial of multiple offenses arising from the same conduct and from the same criminal episode, and should therefore promote efficiency and economy. . . .
>
> The Commission wishes to make clear that section (a) is meant to stop the practice by some prosecuting attorneys of "saving back" one or more charges arising from the same conduct or from the same criminal episode. Such other charges are barred from future prosecution if known to the appropriate prosecuting official at the time that the other prosecution is commenced, but deliberately not presented to a grand jury. "Appropriate prosecuting official" shall be so construed as to achieve the purpose of this rule, which is the prevention of a deliberate and willful "saving back" of known charges for future prosecution. The refusal of the grand jury to act upon such other charges would not be a violation of this joinder rule so as to bar future prosecution of such charges.

The record is clear that there was no "saving back" of the aggravated robbery charge. According to Exhibit D to the defendant's motion, the aggravated robbery case was bound over to the grand jury on May 22, 2007, and the bond was set at $100,000. According to Exhibit C, the defendant was in general sessions court the following day, May 23, 2007, on the making a false report charge, which was dismissed for lack of prosecution. Thus, the cases were separated, but it remained obvious to the defendant that he still was charged with the aggravated robbery.[2]

The commentary to standard 13-1.2 of the American Bar Association Standards for Criminal Justice explains that "[a] critical characteristic of single episode offenses, particularly in cases involving otherwise unrelated offenses or offenders, is the fact that proof of one offense necessarily involves proof of the others." ABA Standards for Criminal Justice 13-1.2, Commentary (2d ed. 1980 & Supp. 1986) (footnote omitted).

It is clear that the defendant could have been tried for either aggravated robbery or making a false report without proof of the other charge. Thus, under this standard, the two crimes did not constitute a "single episode."

---

[2]Although the record is not entirely clear, it appears, from the statement of counsel during the hearing, that the defendant remained in jail, pursuant to the aggravated robbery charge, after the initial dismissal of the making a false report charge.

In State v. Fore, 62 P.3d 400, 402 (Or. Ct. App. 2003), the defendant was discovered missing from a Marion County inmate road crew on November 19, 1999 at 9:47 a.m. At 10:08 a.m., three blocks away, he was seen driving away in a cleaning company van, which he apparently had just stolen. At 7:38 p.m., he was spotted in Josephine County with the van, was arrested, and tried and convicted in that county of unauthorized use of a motor vehicle. Subsequently, he was charged in Marion County with escape in the second degree and unauthorized use of a motor vehicle. Id. He argued that the Marion County prosecution for these two offenses was barred by his conviction in Josephine County of unauthorized use of a motor vehicle; and the trial court agreed. Id. The State appealed only the dismissal of the escape charge, arguing, in part, that the defendant's escape and subsequent unauthorized use of a motor vehicle were not part of the same criminal episode.

The Oregon Court of Appeals noted the statute, relied upon by the trial court, protecting a defendant from former jeopardy:

> "No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

Id. (quoting Or. Rev. Stat. Ann. § 131.515(2)).

The court agreed that the defendant's plea of guilty to the unauthorized use of a motor vehicle, used to effect his escape, did not bar his then being prosecuted for the escape, because they were not part of the same criminal episode:

> Here, defendant's escape was complete as soon as he ran away from the road crew, and certainly no later than 9:47 a.m., when his departure was reported. A complete account of the escape charge can be made by relating only that defendant ran away from a road crew and without mentioning any details of events that led to the unauthorized use of a vehicle charge.

Id. at 404.

As in Fore, the defendant in this matter had completed the aggravated robbery when, twelve hours later and at a different location, he made a false report to the police. Also, as was true with the defendant in Fore, the charges against this defendant could have been presented separately.

These authorities make clear to me that the trial court erred in dismissing the indictment for aggravated robbery. The separation of the two offenses by hours and distance, in addition to the fact that they could be prosecuted separately without proof as to the defendant's actions which had resulted in the remaining charge, makes clear that they were not a "single criminal episode." Further, the clear intent of Rule 8 is to protect a defendant from piecemeal prosecutions, resulting from the holding back of additional charges and not to reward a defendant alert to the nuances of

mandatory joinder rules. For these reasons, I would reverse the order of the trial court and remand this matter for reinstatement of the indictment for aggravated robbery.


                         _____

                         ALAN E. GLENN, JUDGE