Argued and submitted December 18, 2020, affirmed December 15, 2021

In the Matter of G. E. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

G. E. S.,
*Appellant.*

Douglas County Circuit Court
19JU01951; A172103

504 P3d 61

A petition alleged that youth was within the juvenile court's jurisdiction for an act that, had it been committed by an adult, would have constituted second-degree theft. Youth moved to dismiss that petition, arguing that ORS 419A.190 barred the petition because youth had already been adjudicated in a prior proceeding on a probation violation that, he argued, arose out of the same conduct. The juvenile court denied the motion to dismiss and adjudicated youth on the petition. Youth appeals, assigning error to the denial of his motion to dismiss. Youth was on probation for other conduct. A condition of that probation required youth to report to his probation officer any contacts that he had with law enforcement officers. After the theft was discovered, officers contacted youth. Youth did not report that contact and was adjudicated for the probation violation. *Held*: The juvenile court correctly denied the motion to dismiss the petition. Youth's act of failing to report the law-enforcement contact was not the same act as, nor did it arise from the same conduct as, the theft, within the meaning of ORS 419A.190.

Affirmed.

Jason R. Thomas, Judge.

Christa Obold Eshleman argued the cause for appellant. On the brief were Matthew J. Steven and Youth, Rights & Justice.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

The state filed a petition in this case alleging that youth was within the jurisdiction of the juvenile court for committing an act that would constitute second-degree theft if committed by an adult. The petition alleged:

> "The above-named [youth] is alleged to have committed the offense of Theft in the Second Degree, as follows, to-wit: that the said [youth] on or about February 8, 2019 in Douglas County, Oregon, then and there being, did unlawfully and knowingly commit theft of cell phone, of the total value of one hundred dollars or more, the property of [the victim], contrary to ORS 164.045 and against the peace and dignity of the State of Oregon."

Youth moved to dismiss the petition, arguing that the prosecution of youth for that offense was barred by ORS 419A.190 because youth had already been adjudicated in a prior proceeding on a probation violation that, he argued, arose out of the same conduct. The juvenile court denied the motion to dismiss and adjudicated youth on the petition. Youth appeals, assigning error to the denial of youth's motion to dismiss. We affirm.

We summarize the facts, which are mostly procedural and not in dispute. Youth was on probation for other conduct. A condition of that probation required youth to report to his probation officer any contacts that he had with law enforcement officers. On February 8, 2019, a mobile phone was stolen. Youth was suspected of stealing it. On February 9, law enforcement officers contacted youth concerning that theft. Youth did not report the contact to his probation officer. Youth later admitted several probation violations, including the failure to report the law-enforcement contact, and he was adjudicated for those probation violations. Subsequently, the state filed the petition alleging the theft. Youth moved to dismiss that petition under ORS 419A.190. He asserted that he had already been adjudicated in the probation-violation hearing for allegations arising from the same conduct. The juvenile court denied the motion to dismiss the petition and adjudicated youth for the theft. Youth appeals, assigning error to the denial of his motion to dismiss.

We examine the juvenile court's ruling applying ORS 419A.190 for legal error. ORS 419A.190 provides:

"Except as provided in ORS 153.108 (1), proceedings in adult criminal court and other juvenile court adjudicatory proceedings based on an act alleged in a petition or citation to have been committed by a child, ward, youth or youth offender or allegations arising out of the same conduct are barred when the juvenile court judge or referee has begun taking evidence in an adjudicatory hearing or has accepted a child, ward, youth or youth offender's admission or answer of no contest to the allegations of the petition or citation. This section does not prevent appeal of any pre-adjudicatory order of the court that could be appealed in a criminal case, including, but not limited to, an order suppressing evidence."[1]

We have previously determined that ORS 419A.190 is "the juvenile code's former jeopardy provision." *State v. Lyons*, 161 Or App 355, 359, 985 P2d 204 (1999).

On appeal, both parties agree that ORS 419A.190 determines the outcome of this case. The parties disagree about whether the proceedings were barred by that statute because they arose "out of the same conduct" as the allegations that were adjudicated in the probation-violation proceeding. Neither party has developed a statutory-construction argument. Rather, each has simply argued that the facts here do, or do not, fall within the meaning of that phrase. Because the outcome of the case depends upon the meaning of ORS 419A.190 and, specifically, the words "based on an act *** or allegations arising out of the same conduct," we must determine what the legislature intended by them.

In *State v. S.-Q. K.*, 292 Or App 836, 426 P3d 659 (2018), we examined ORS 419A.190 to determine whether it applied to a probation-violation adjudication. In determining that it did, we noted that the legislature intended the statute to provide broad protection for juveniles from successive adjudications. *S.-Q. K.*, 292 Or App at 845-46.

---

[1] The legislature has enacted legislation that will change the references to "youth offender" in ORS 419A.190 to "adjudicated youth." Or Laws 2021, ch 489. That legislation has not yet taken effect. All references in this opinion are to the current version of the statute.

We determined that the broad terms of the law, combined with the context and purposes of the juvenile code, showed that, in the juvenile context, the protection did extend to a probation-violation adjudication. *Id*. That does not answer the question in this case, however, because there was a closer relationship in *S.-Q. K.* between the acts at issue in the petition and the probation violation than there is in this case.

In this case, youth argues for a broad understanding of the phrase "arising out of the same conduct." He argues that the conduct at issue is the theft, and that it gave rise both to the contact with law enforcement and the theft allegation in the subsequent petition. The state argues for a narrower construction, distinguishing between the specific conduct by youth alleged in the probation violation— failure to report the law enforcement contact—and the conduct alleged in the petition—theft of the mobile phone.

For youth's argument to prevail, we would have to construe the words "based on an act *** or allegations arising out of the same conduct" to amount to a strict but- for test, where any act that would not have occurred but- for some earlier act could not be alleged in a later petition. Or, we would have to view the word "act" or "conduct" as potentially applying to a third party. That is, youth argues that *the officers' act* of contacting him arose out of the same conduct—the theft—as is alleged in the subsequent petition.

The state argues that the contact with law enforcement is not the relevant conduct by youth; that was conduct of law-enforcement officers. The relevant conduct by youth was his failure to report the contact. That conduct is not an act that was alleged in the later petition, nor is it dependent on youth's earlier act. We agree with the state.

We begin by noting that the conduct by youth that is at issue in the probation violation and the theft petition is not the same act. The question then is, as the parties recognize, whether the act of not reporting the law-enforcement contact is an act "arising out of the same conduct" as the theft. "Arising" is the present participle of "arise" which means, in its context of an act "arising from" conduct, that

the earlier conduct was the origin of the subsequent act. *See Webster's Third New Int'l Dictionary* 117 (unabridged ed 2002) (defining "arise" as relevant here as "to originate from a specified source" or "to come about.").

Youth's failure to report the law-enforcement contact is an independent act from the theft, and his act did not arise from, or originate from, the same conduct as that alleged in the subsequent petition. As a factual matter, the theft may have prompted the law-enforcement contact, but youth's failure to report the contact did not arise from his earlier conduct. The theft is not the origin of the failure to report, because youth could have reported or not reported the contact to his probation officer, independently of whether he had committed the theft. There may be but-for causation for the law-enforcement decision to contact youth, but there is not the kind of causal connection between the theft and youth's decision whether to report the contact with law enforcement to his probation officer that the statute encompasses.

In *S.-Q. K.*, we said the following regarding the legislative history of *former* ORS 419.578, *repealed by* Or Laws 1993, ch 33, § 373, and *recodified as* ORS 419A.190 by Or Laws 1993, ch 33, § 46, a statute that the legislature repealed and re-enacted as what would become ORS 419A.190 as part of a reorganization of the juvenile code. "[T]he legislative history reflects an overarching concern that juveniles be spared successive dispositions for the same conduct. The drafters wanted to make clear that the juvenile court had 'one shot' and could not first give one disposition and later give another for the same act, stating a range of possible dispositions are available to the court upon first try and the court just has to choose the right one." *S.-Q. K.*, 292 Or App at 845.

Our decision here is consistent with that purpose. The legislative history does not indicate that the legislature intended for a youth to be protected from all proceedings alleging acts that can be connected, however tenuously, or via the conduct of third parties, to some past conduct on which the youth has been adjudicated.

In summary, the act *by youth* that was alleged and proved for the probation violation is the failure to report the law-enforcement contact. Although it is true that the theft is what prompted police to contact youth, the origin of the *police conduct* is not the question. Youth's decision not to report the law-enforcement contact to his probation officer is not related to the act of taking the cell phone in such a way that the theft can be viewed as the origin of the former act. The two adjudications, therefore, did not "aris[e] from the same conduct" within the meaning of ORS 419A.190.

By contrast, in *S.-Q. K*, the youth's probation from a prior adjudication required him to attend school regularly and to obey all school rules. 292 Or App at 837. The youth was involved in a fight at school and later admitted to a probation violation that alleged that he had been expelled for fighting. *Id*. Subsequently, the state filed a petition alleging that the youth had engaged in conduct that, had it been committed by an adult, would constitute the crime of riot, ORS 166.015, and the youth was adjudicated on that petition as well. *Id*. at 838. On appeal, we held that the expulsion was the school's conduct, whereas the *youth's* conduct that was alleged in the probation violation was *fighting*, which then led to his expulsion. *Id*. at 847-48. Thus, the youth's conduct that was necessary to be proven in the probation-violation proceeding was that youth had engaged in fighting. That was the same conduct that was necessary to prove the riot allegation. Thus, we concluded in *S.-Q. K*. that the subsequent petition should have been dismissed. *Id*.

Here, youth's act of failing to report the law-enforcement contact was not the same act as, nor did it arise from the same conduct as, the theft of the mobile phone, within the meaning of ORS 419A.190. Thus, the trial court did not err in denying youth's motion to dismiss the petition in this case.

Affirmed.