No. 165          March 6, 2024          453

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNATHON PAUL CLAYTON,
*Defendant-Appellant.*

Marion County Circuit Court
20CR36709, 19CN05831, 19CR72374;
A176302 (Control), A176303, A176304

Donald D. Abar, Judge.

Submitted December 20, 2022.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

In Case No. 20CR36709, remanded for resentencing; otherwise affirmed. In Case No. 19CN05831 and Case No. 19CR72374, affirmed.

**POWERS, J.**

In this consolidated criminal appeal, defendant challenges his jury convictions for tampering with a witness (Count 1), interference with making a report (Count 2), coercion (Count 3), and extortion (Count 4) in Case No. 20CR36709. The state previously prosecuted defendant in two related cases (Case No. 19CN05831 and Case No. 19CR72374), where defendant pleaded guilty to menacing constituting domestic violence and contempt. On appeal, he advances three main contentions across seven assignments of error: (1) the trial court erred in denying his motion to dismiss Counts 1 through 4 because the second prosecution violated his statutory and constitutional protections against former jeopardy; (2) the trial court should have granted his motion for judgment of acquittal because there was insufficient evidence to convict him on Count 2; and (3) the trial court erred in calculating his criminal history score for Counts 3 and 4. As explained below, we reject defendant's first two contentions and agree with his third argument that the court erred by reconstituting defendant's criminal history score for Count 3. Accordingly, we remand for resentencing but otherwise affirm.

Because the parties are familiar with the undisputed procedural facts, we do not provide a recitation for this nonprecedential memorandum disposition.

*Former jeopardy.* We review a trial court's denial of a defendant's motion to dismiss on former jeopardy grounds for errors of law, deferring to the court's factual findings that are supported by the record. *State v. Shaw*, 317 Or App 746, 747, 507 P3d 280 (2022). Former jeopardy determinations, which are similar under both constitutional and statutory grounds, prohibit a second prosecution where (1) the offenses are based upon the same criminal episode, (2) venue is proper in a single court, and (3) the offenses were reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution.[1] *See* ORS 131.515(2); *State v. Dulfu*, 363 Or 647, 669, 426 P3d 641

---

[1] Former jeopardy claims under the Oregon Constitution are made under Article I, section 12, which provides, in part, that "[n]o person shall be put in jeopardy twice for the same offence."

(2018) (discussing test under Article I, section 12). A successful former jeopardy claim requires that a defendant prove all three of the elements. *State v. Lyons*, 161 Or App 355, 360, 985 P2d 204 (1999).  Here, the trial court concluded that defendant failed to show that the prosecutor had sufficient knowledge to bring the charges of this case at the time of his prior prosecution. Thus, we assume without deciding that defendant met the first two elements and begin our analysis with whether defendant carried his burden on proving that the offenses were reasonably known at the time of the commencement of the first prosecution.

Meeting the burden to prove the element of prosecutorial knowledge requires a defendant to show that the challenged offenses were reasonably known to the prosecutor at the time of the prior prosecution; mere suspicion that other criminal acts had also been committed is not sufficient. *State ex rel Juv. Dept. v. Nelson*, 124 Or App 562, 566, 863 P2d 497 (1993), *rev den*, 319 Or 81 (1994). Thus, defendant was required to prove that, when he pleaded guilty to menacing and contempt in February 2020, the prosecutor knew or should have known sufficient facts to prosecute defendant for tampering with a witness, interference with making a report, coercion, and extortion. He contends that he met that burden because, prior to the February 2020 prosecution, the victim, ES, confirmed to police that she had told friends that defendant was threatening her and because, in a recorded call, ES's roommate, CO, told defendant that ES and CO would avoid being served with any subpoenas. Defendant further asserts that, even if the state did not have actual knowledge, the state failed to engage in good-faith efforts to uncover the extent of defendant's criminal conduct. We conclude, just as the trial court did, that those facts are insufficient to meet defendant's burden.

Regarding Count 1, witness tampering, ES's statement to officers that she had told friends that defendant was threatening her gave prosecutors reason to suspect that defendant had engaged in witness tampering. The trial court, however, found that the state made "good-faith" efforts to develop sufficient knowledge of that crime. Having reviewed the record, we conclude that there is sufficient

evidence to support that factual finding. Regarding Counts 2 and 3, those charges were the result of defendant attacking ES in her home on November 27, 2019, and Count 4 stemmed from defendant threatening ES not to report the attack in the months that followed. Prosecutors first learned of that attack when ES reported it in June 2020. Thus, Counts 2, 3, and 4 were wholly unknown to prosecutors until ES reported them, months after defendant's February 2020 prosecution. In sum, because defendant failed to prove every element of his former jeopardy claim, the trial court correctly denied his motion to dismiss Counts 1 through 4.

*Sufficiency of the evidence on Count 2.* In his fifth assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on Count 2, interference with making a report. A judgment of acquittal is appropriate if the evidence is insufficient to support a verdict. *State v. Cunningham*, 320 Or 47, 62-63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). We review questions of the sufficiency of the evidence by examining the evidence in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

Here, defendant argues that the state failed to prove all the elements necessary to convict him for interference with making a report. Specifically, he contends that there was insufficient evidence that he "prevented" ES from calling the police. "A person commits the crime of interference with making a report if the person, by *** damaging or interfering with *** [a] telephone *** intentionally prevents or hinders another person from making a report" to law enforcement. ORS 165.572(1). The indictment charging defendant alleged in Count 2 that defendant did "intentionally prevent" ES from making a report by "interfering with [a] telephone"; it does not include "hinder" as part of the charge. Defendant argues that he did not "prevent" ES from calling police because the record shows that ES recovered her phone after defendant left. *See State v. Smith*, 259 Or App 36, 40-42, 312 P3d 552 (2013) (discussing the terms "prevents" and "hinders" for purposes of ORS 165.572(1) and explaining

that "the verb 'prevent' suggests stopping something from occurring altogether" and "stopping a report completely").

Viewing the facts in the light most favorable to the state, the record supports the trial court's determination that sufficient facts existed to find the essential elements of ORS 165.572(1) beyond a reasonable doubt. Specifically, defendant physically restrained and attacked ES, took and damaged her phone, and chased her out of the house so that she hid outside until defendant left. Although our discussion in *Smith* explained that "prevent" means "stopping a report completely," it did not require that the victim be stopped from making a report in perpetuity. 259 Or App at 41. Here, the facts are sufficient to support a finding that defendant completely prevented ES from contacting law enforcement. Accordingly, the trial court correctly denied defendant's motion for judgment of acquittal.

*of criminal history.* In his final two assignments of error, defendant contends that the trial court erred in calculating his criminal history score on Counts 3 and 4 because, in its pretrial ruling regarding his motion to dismiss on former jeopardy grounds, the court had already ruled that each of his four counts arose from the same criminal episode as his menacing and contempt offenses. *See State v. Cuevas*, 358 Or 147, 149-50, 361 P3d 581 (2015) (explaining that, for purposes of determining a defendant's criminal history score under OAR 213-004-0006(2), "when a court sentences a defendant for multiple convictions in a single sentencing proceeding, the sentence imposed on the first conviction counts as part of the defendant's criminal history in determining the sentence for the second conviction unless the convictions arose out of a single criminal episode"). He argues that law-of-the-case principles precluded the court from altering that determination for purposes of setting his criminal history score. *See Miller v. Racing Commission*, 298 Or App 70, 84-85, 445 P3d 371 (2019) (providing explanation and application of the law of the case doctrine).

Although defendant argued before the trial court that all four counts occurred during the same criminal episode, he did not specifically raise the law of the case doctrine that he now invokes on appeal, and therefore we do

not address it because it is not preserved. *See, e.g.*, *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (explaining preservation requirements). Determining whether a defendant's crimes constitute a single criminal episode is a question of law that, in turn, may depend on predicate findings of historical fact. *State v. Burns*, 259 Or App 410, 420, 314 P3d 288 (2013); *see also State v. Yashin*, 199 Or App 511, 514, 112 P3d 331, *rev den*, 339 Or 407 (2005) ("The legal determination that convictions arose out of separate criminal episodes is based on a factual finding—specifically, the finding that the acts giving rise to the convictions were not part of continuous and uninterrupted conduct that * * * is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a criminal objective." (Internal quotation marks omitted.)). As explained above, Counts 2 and 3 were the result of defendant's actions at ES's home on November 27, 2019. Defendant's extortion offense, Count 4, was committed between November 27, 2019, and February 11, 2020, in which he threatened to burn down ES's home and disseminate intimate images of her. Accordingly, we conclude that the record sufficiently supports the trial court's determination that Count 4 was not part of "continuous and uninterrupted conduct" that was directed at the same criminal objective as his actions that resulted in Counts 2 and 3.

Finally, regarding his challenge to the sentence for Count 3, the trial court used Count 2 as a prior conviction to reconstitute defendant's criminal history score on Count 3. Defendant argues, and the state concedes, that using Count 2 as a prior conviction for calculating defendant's score on Count 3 was error because Counts 2 and 3 arose from the same criminal episode. We agree that Counts 2 and 3 arose from the same criminal episode and that the court erred by using Count 2 to reconstitute defendant's score for Count 3. That error resulted in the imposition of a longer prison sentence for defendant, and thus, was not harmless. *See State v. Ortega-Gonsalez*, 287 Or App 526, 540, 404 P3d 1081 (2017) (concluding the same). Accordingly, we remand for resentencing.

In Case No. 20CR36709, remanded for resentencing; otherwise affirmed. In Case No. 19CN05831 and Case No. 19CR72374, affirmed.